### S99A0331. OTTIS v. THE STATE.
(517 SE2d 525)

SEARS, Justice.

The appellant, Rudolph Ottis, was convicted of two counts of malice murder in the stabbing deaths of two young girls.[1] On appeal, Ottis contends that the evidence is insufficient to support his convictions, and that the trial court erred in denying two motions for mistrial that he made after the State allegedly elicited improper hearsay testimony and after the State allegedly improperly placed his character into evidence. Finding no merit to Ottis's contentions, we affirm.

1. On January 6, 1993, fifteen-year-old Bridgett Lee and her seven-year-old sister, Britney Ikharia, were brutally stabbed in their apartment. The girls' mother, Barbara Jenkins, was out of town at the time of the murders. The evidence showed that Inez Ottis (Rudolph's sister)[2] and Jenkins were involved in the illegal drug trade together, and that on the day of the murders, Inez, Rudolph, Antonio Lowery (Inez's boyfriend), and Robert Floyd went to Jenkins's apartment to participate in a drug deal. The evidence also was sufficient for a rational trier of fact to find that Rudolph Ottis, Lowery, and Floyd stabbed the girls to death in order to keep them from later identifying Inez Ottis. Accordingly, reviewing the evidence in the light most favorable to the verdict, we conclude that the evidence is sufficient to support Rudolph Ottis's convictions.[3]

2. In his second enumeration of error, Rudolph contends that the trial court erred in denying the motion for mistrial that he made after the State elicited testimony from Floyd's girlfriend, Wandisha Buffington, regarding something that Floyd told her about the crime.

---

[1] The crimes occurred on January 6, 1993. Rudolph Ottis was indicted on April 13, 1995, as were Inez Ottis (Rudolph's sister), Antonio Lowery, and Robert Floyd. On February 25, 1996, a jury found Ottis guilty of two counts of malice murder. The State sought the death penalty, but on February 26, 1996, the jury fixed Ottis's sentence at life in prison for each count of malice murder. On February 26, the trial court sentenced Ottis to consecutive terms of life in prison. Ottis filed a motion for new trial on March 20, 1996, and the court reporter certified the transcript on February 20 and July 30, 1997. Ottis filed an amended motion for new trial on April 2, 1998, and the trial court denied the motion for new trial, as amended, on September 1, 1998. Ottis filed a notice of appeal on September 29, 1998, and the appeal was docketed in this Court on November 24, 1998. The case was submitted for decision on briefs on January 19, 1999.

[2] We have already affirmed Inez Ottis's convictions for her involvement in the killing of the two girls. *Ottis v. State*, 269 Ga. 151 (496 SE2d 264) (1998).

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

We find no error.

The record shows that Buffington testified that Floyd told her before he was arrested that he (Floyd) was the only person who stayed in the car outside the victims' apartment at the time of the crimes. Rudolph contends that this testimony was inadmissible hearsay, and that the trial court should have granted the motion for mistrial that he made following it. We disagree. Buffington gave essentially the same testimony in Inez Ottis's trial, and on appeal, Inez contended that Buffington's testimony was inadmissible hearsay. We concluded, however, that Buffington's testimony was admissible under the co-conspirator exception to the hearsay rule.[4] Based upon the same analysis as that set forth in our ruling in Inez Ottis's appeal, we conclude that Buffington's testimony in this case was admissible under the co-conspirator exception to the hearsay rule.[5]

3. In his third enumeration of error, Rudolph Ottis contends that the trial court erred in denying the motion for mistrial that he made after the State allegedly improperly placed his character into evidence. We conclude that the trial court did not err in denying the motion for mistrial.

During the prosecutor's cross-examination of Rudolph Ottis, the prosecutor asked Ottis if he and Floyd were currently in jail together. Ottis responded that they were. After that response, defense counsel objected, and moved for a mistrial on the ground that the State had improperly placed Ottis's character into issue. The trial court denied the motion, but admonished the prosecutor, and informed defense counsel that he would give a curative instruction if defense counsel so desired. Defense counsel, however, stated that it was his opinion that a curative instruction would only serve to highlight the testimony, and he insisted that the only proper curative action was a mistrial. The trial court again declined to grant a mistrial.

Whether to grant a motion for mistrial is within the trial court's sound discretion, and the trial court's exercise of that discretion will not be disturbed on appeal unless a mistrial is essential to preserve the defendant's right to a fair trial.[6] Because the prosecutor's question and Rudolph's response concerned whether Rudolph was currently in jail, because a juror would likely infer from evidence of Rudolph's present incarceration that the incarceration was for the present crime and not a past crime, because Rudolph testified on direct examination that he had surrendered to police after he learned they had a warrant for his arrest, and because a juror would not be

---

[4] *Ottis*, 269 Ga. at 154-156 (3).

[5] Id.

[6] *Cowards v. State*, 266 Ga. 191, 194 (3) (c) (465 SE2d 677) (1996); *Kilgore v. State*, 251 Ga. 291, 296 (305 SE2d 82) (1983).

surprised to learn that someone being tried for murder was in prison, we cannot conclude that the trial court abused its discretion in denying Ottis's motion for a mistrial.

Accordingly, we find no merit to this enumeration of error. *Judgment affirmed. All the Justices concur.*

DECIDED JUNE 7, 1999.

*Ray B. Gary, Jr.,* for appellant.

*Patrick H. Head,* District Attorney, *Russell J. Parker, Debra H. Bernes, Nancy I. Jordan,* Assistant District Attorneys, *Thurbert E. Baker,* Attorney General, *Paula K. Smith,* Senior Assistant Attorney General, *Angelica M. Woo,* Assistant Attorney General, for appellee.