## S99A1431. MILNER v. THE STATE.
(522 SE2d 654)

FLETCHER, Presiding Justice.

Nathan Milner was convicted of murder in the shooting death of Wilfred Campbell.[1] Milner claims his trial counsel was ineffective, but we conclude that trial counsel did not perform deficiently and his performance did not prejudice the defendant. Therefore, we affirm.

[1] The shooting occurred on March 4, 1994, and Milner was indicted on January 10, 1995. A jury found him guilty on August 28, 1996, and the trial court sentenced him to life imprisonment. Milner filed a motion for a new trial on September 13, 1996, which was denied on June 9, 1998. Milner filed a notice of appeal on June 15, 1998. The case was docketed in this court on June 25, 1999, and submitted for decision without oral arguments on August 16, 1999.

1. The evidence presented at trial shows that Campbell had an argument with Milner's sister, Demica Dixon, in her apartment and later in the parking lot of her apartment complex. Milner and Dixon walked away from Campbell and around the corner of an apartment building. Shortly, they returned with a third person named Toto. Milner called out Campbell's name, pointed a gun, and started shooting. Six witnesses identified Milner as the shooter. No one saw Campbell with a gun. Testifying on behalf of Milner, his two sisters said that Toto shot Campbell. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Milner guilty of malice murder.[2]

2. To prove ineffective assistance of counsel, the defendant must show that trial counsel's performance fell below a reasonable standard of conduct and that there was a reasonable probability that the outcome of the case would have been different but for the deficient performance of counsel.[3] Milner has not met either standard. Trial counsel's decision not to object to a reference that Milner had been in jail was a reasonable trial strategy since he did not want to call the jury's attention to that fact, the failure to impeach a witness with a prior conviction was not deficient since it was unclear that the witness and convicted person were the same individual, and trial counsel was not ineffective in discussing the concept of reasonable doubt during closing argument. Moreover, trial counsel's failure to object further to the prosecutor's closing argument or the trial court's instructions to the jury was not deficient or prejudicial.

3. Having reviewed the other enumerations, we conclude that the trial court did not abuse its discretion in denying Milner's motion for mistrial after the prosecutor referred to Milner's incarceration, commit error in admitting a bullet into evidence, or comment improperly on the evidence in its instructions to the jury.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 18, 1999.

*Monique D. Moyse*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Elizabeth A. Baker, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, H. Maddox Kilgore, Assistant Attorney General*, for appellee.

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[3] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).