## A02A1152. WELLS v. THE STATE.

(563 SE2d 560)

ELDRIDGE, Judge.

A Laurens County jury convicted defendant Coprintha Michelle Wells of voluntary manslaughter as a lesser included offense of murder. The superior court sentenced her to 20 years to serve. The defendant appeals from the denial of her motion for new trial, contending, as she did below, that she was denied effective assistance of counsel for counsel's failure to object to the introduction of photographs of the victim, a baby boy five weeks old, as inflammatory. As defendant's claim of error is without merit, we affirm. *Held*:

> To prove ineffective assistance of counsel, the defendant must show that trial counsel's performance fell below a reasonable standard of conduct and that there was a reasonable probability that the outcome of the case would have been different but for the deficient performance of counsel. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

*Milner v. State*, 271 Ga. 578, 579 (2) (522 SE2d 654) (1999).

Murder, as alleged in the indictment, required proof that the victim died as a result of intentionally inflicted injury to the abdominal area. The photographs in issue, one a post-autopsy photograph and the other of the baby while in the hospital before his death assisted by a catheter inserted in his leg and a tube inserted in his nose, were relevant on this issue. Even if characterized as gruesome (and we do not do so), such photographs were markedly less gruesome than

---

other autopsy photographs of record, admitted over the objection of trial defense counsel, showing bleeding consistent with blunt force trauma in the area of the baby's intestines and opened back. Nonetheless, when relevant, as here, photographs showing a severely injured victim, however gruesome, are admissible. *Autry v. State*, 230 Ga. App. 773, 774-775 (2) (498 SE2d 304) (1998); *Lewis v. State*, 180 Ga. App. 369, 370 (2) (349 SE2d 257) (1986). " 'Failure to make a meritless objection cannot be evidence of ineffective assistance.' [Cit.]" *Fults v. State*, 274 Ga. 82, 87 (7) (548 SE2d 315) (2001); see also *Strickland v. Washington*, supra at 687 (III) (defendant required to make out prima facie case of substantial deficiency); *Smith v. Francis*, 253 Ga. 782, 783 (1) (325 SE2d 362) (1985) (trial "counsel is entitled to a 'strong presumption' (which the defendant must overcome) that counsel's conduct falls within the wide range of reasonable professional conduct and that all significant decisions were made in the exercise of reasonable professional judgment"). Accordingly, we conclude that trial defense counsel did not render ineffective assistance by failing to object to the photographic evidence complained of.

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED APRIL 5, 2002.

*Tapley & Warnock, George C. Tapley, Charles M. Warnock, Jr.,* for appellant.

*Ralph M. Walke, District Attorney, Louie C. Fraser, Assistant District Attorney,* for appellee.