## A03A0958. TORRES v. THE STATE.
(585 SE2d 228)

MIKELL, Judge.

Jose Dimas Torres appeals his convictions of rape, aggravated child molestation, and aggravated sexual battery, challenging the sufficiency of the evidence.[1] We affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence.[2] We do not weigh the evidence or determine witness credibility, but only decide if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offenses beyond a reasonable doubt.[3]

---

[18] (Citations and punctuation omitted.) *Chancey v. State,* 258 Ga. App. 319, 321 (4) (574 SE2d 383) (2002).
[19] Supra.
[20] Supra.
[1] Torres was also convicted of two counts of child molestation, but, upon motion for new trial, those counts were merged into the other charges for sentencing purposes.
[2] *Peterson v. State,* 253 Ga. App. 390, 391 (1) (559 SE2d 126) (2002).
[3] Id.

Viewed in its proper light, the evidence shows that the victim, S. C., was Torres's eight-year-old stepdaughter. S. C. testified that Torres "put his private in my private," that he moved his body while inside her, and that he hurt her "private." She circled the appropriate places on anatomically correct drawings that were admitted into evidence. S. C. further testified that Torres put his "private" in her mouth on more than one occasion while her mother was taking a bath or outside their apartment checking the mail. She did not tell anyone because Torres told her not to, or he would go to jail. Finally, S. C. told her mother, her babysitter, and her doctor.

S. C.'s mother testified that S. C. told her that Torres placed his finger in her private parts and his penis in her mouth. S. C. relayed the same information to her physician, who testified that S. C. also told him that Torres put his "thing" into her private area. A physical examination revealed redness and swelling around the victim's vagina, which, the physician testified, could be caused by trauma.

OCGA § 16-6-1 (a) provides: "A person commits the offense of rape when he has carnal knowledge of . . . (2) [a] female who is less than ten years of age." According to OCGA § 16-6-22.2 (b), a person commits aggravated sexual battery "when he intentionally penetrates with a foreign object the sexual organ or anus of another person without the consent of that person." A finger satisfies the "foreign object" element of this crime.[4] Finally, "[a] person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person."[5] An act of child molestation becomes "aggravated" when it "physically injures the child or involves an act of sodomy."[6] "Sodomy" is defined as a "sexual act involving the sex organs of one person and the mouth or anus of another."[7]

The evidence recounted above is more than sufficient for any rational trier of fact to find the essential elements of the charged crimes beyond a reasonable doubt.[8]

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED JULY 14, 2003.

*Virginia W. Tinkler*, for appellant.

---

[4] *Burke v. State*, 208 Ga. App. 446, 447 (1) (430 SE2d 816) (1993).
[5] OCGA § 16-6-4 (a).
[6] OCGA § 16-6-4 (c).
[7] OCGA § 16-6-2 (a).
[8] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

■■■■■■■■■■■■■■■■■■■■

*J. Tom Morgan, District Attorney, Robert M. Coker, Assistant District Attorney*, for appellee.