A03A2203. RAMIREZ v. THE STATE.
(595 SE2d 630)

JOHNSON, Presiding Judge.

Pursuant to a jury trial, Aristobulo Ramirez was convicted of aggravated sexual battery for penetrating the minor victim's vagina with his finger; two counts of aggravated child molestation for placing his mouth on the victim's vagina and placing his penis in her mouth; and three counts of child molestation for rubbing his penis on

her vagina, touching her vagina with his hand, and touching her breast with his hand. He appeals, challenging the sufficiency of the evidence, the state's reference to his incarceration in front of the jury, and the court's jury charge on aggravated child molestation. The challenges are without merit, so we affirm Ramirez's convictions.

1. Ramirez claims that the trial court erred in denying his motion for a new trial on the ground that the evidence is insufficient because it essentially rests on the word of his daughter. Contrary to Ramirez's claim, the testimony of a single witness is generally enough to establish a fact.[1] Moreover, we note that in addition to the victim's testimony, the state also presented testimony from several people to whom she reported the sexual abuse, including her mother, a school counselor, a teacher, and a police detective.

Since this is an appeal from criminal convictions, we must view all that evidence in the light most favorable to the verdict.[2] We do not weigh the evidence or determine witness credibility.[3] Rather, we determine only if there is sufficient evidence from which a rational trier of fact could have found Ramirez, who is no longer presumed innocent, guilty of the charged offenses beyond a reasonable doubt.[4]

Viewed in favor of the verdict, the evidence shows that Ramirez is originally from Colombia, South America, and his daughter was born there on February 25, 1985. Ramirez began sexually abusing his daughter when she was a young child in Colombia. In 1993, the family moved to Gwinnett County, where, according to Ramirez's daughter, the abuse worsened. Frequently, Ramirez touched his daughter's breasts and vagina with his hands, inserted his fingers into her vagina, put his mouth on her vagina, put his penis into her mouth, rubbed his penis on her vagina and anus, and inserted his penis into her vagina.

The girl told her mother about the molestation, and the mother confronted Ramirez. He later told his daughter that he had not meant to hurt her, that he is a sick man, and that he wants her forgiveness. The daughter also reported the abuse to one of her school teachers and a school counselor. The counselor directed her to a sexual assault center. The girl went to the center and attended therapy sessions with other girls who were sexually abused by family members. With the help of her counselor at the center, the girl eventually reported the crimes to the police.

---

[1] *McGhee v. State*, 263 Ga. App. 762, 763 (1) (589 SE2d 333) (2003). See also *Jones v. State*, 240 Ga. App. 484, 486-487 (3) (523 SE2d 73) (1999) (uncorroborated testimony of a victim is sufficient to sustain child molestation or aggravated child molestation conviction).

[2] *Pettus v. State*, 237 Ga. App. 143 (1) (514 SE2d 901) (1999).

[3] Id.

[4] Id.

Having reviewed all the evidence in the light most favorable to the verdict, we hold that the victim's testimony, coupled with the testimony of the outcry witnesses, was sufficient to support the jury's finding beyond a reasonable doubt that Ramirez is guilty of the charged offenses.[5] The trial court therefore did not err in denying Ramirez a new trial on the ground of insufficient evidence.

2. Ramirez contends that his convictions must be reversed because the state failed to prove that the crimes were committed between the dates alleged in the indictment. The indictment alleges that the offenses took place between May 1, 1994, and December 31, 1995, the exact dates being unknown. The victim testified that she could not remember exact dates, but that the multiple instances of abuse began in Gwinnett County in 1993, continued through all of 1994, and did not end until August 1995, when she reported the abuse to her mother. Thus, contrary to Ramirez's contention, the state's evidence conforms to the indictment by showing that the crimes occurred within the time period alleged.[6]

3. Ramirez complains that the trial court erred in refusing to grant a mistrial after the state deliberately referred to his incarceration for the current charges. The complaint is without merit because, as the trial court found, there was no mention of Ramirez's incarceration.

The testimony that Ramirez challenges occurred during the state's questioning of the victim's sister, who was called as a defense witness. The prosecutor asked her if she had stated that the victim had ruined her wedding because their father was not available to walk her down the aisle. The witness denied making that statement, and then the prosecutor asked her if her father had in fact walked her down the aisle at her wedding, which was on July 1, 2001. Before the witness could answer the question, Ramirez's attorney objected and, outside the jury's presence, moved for a mistrial. The trial court denied the motion. When the jury returned, the prosecutor said that she had no further questions, and the witness gave no further testimony.

Whether to grant a mistrial is within the trial court's sound discretion, and the exercise of such discretion will not be disturbed on appeal unless a mistrial was essential to preserve a fair trial.[7] Here, since the transcript plainly reveals that neither the prosecutor nor the witness ever actually stated that Ramirez was incarcerated, the trial court did not abuse its discretion in denying a mistrial.[8] Fur-

---

[5] See *McGhee*, supra; *Torres v. State*, 262 Ga. App. 309, 310 (585 SE2d 228) (2003).

[6] See *Frazier v. State*, 252 Ga. App. 627, 629-630 (2) (557 SE2d 12) (2001).

[7] *Ottis v. State*, 271 Ga. 200, 201 (3) (517 SE2d 525) (1999).

[8] See *Milner v. State*, 271 Ga. 578, 579 (3) (522 SE2d 654) (1999).

thermore, even if the prosecutor's questions could be interpreted as alluding to Ramirez's incarceration, such a minor reference to incarceration on the instant charges does not place a defendant's character in issue[9] and does not necessitate a mistrial.[10]

4. Ramirez argues that the trial court erred in instructing the jury on the definition of sodomy, which was not one of the offenses charged in the indictment. The jury instruction, however, was not only appropriate, but necessary since sodomy is an element of the aggravated child molestation offenses for which Ramirez was on trial.

"A person commits the offense of aggravated child molestation when such person commits an offense of child molestation which act physically injures the child *or involves an act of sodomy*."[11] The two counts of aggravated child molestation brought against Ramirez tracked this statutory definition by alleging that he committed acts of sodomy upon the victim — one by placing his mouth on her vagina and the other by placing his penis in her mouth.

The trial court correctly charged the jury on the offenses alleged in the indictment and the statutory definition of aggravated child molestation, including the statutory definition of sodomy as "any sexual act involving the sex organs of one person and the mouth or anus of another."[12] Contrary to Ramirez's claims, the court's jury charge on the definition of aggravated child molestation was neither erroneous nor confusing.[13]

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED FEBRUARY 24, 2004 

*Stephen F. Mackie*, for appellant.
*Daniel J. Porter, District Attorney, Nancy J. Dupree, Assistant District Attorney*, for appellee.

---

[9] See *Geiger v. State*, 258 Ga. App. 57, 62 (3) (d) (573 SE2d 85) (2002).
[10] See *Ottis*, supra; *Deal v. State*, 233 Ga. App. 79, 82 (8) (503 SE2d 288) (1998).
[11] (Emphasis supplied.) OCGA § 16-6-4 (c).
[12] OCGA § 16-6-2 (a).
[13] See *Robinson v. State*, 272 Ga. 752, 754-755 (3) (533 SE2d 718) (2000).