A05A0914. ROSSER v. THE STATE.
(623 SE2d 142)

BERNES, Judge.

On April 7, 1998, a Meriwether County jury convicted appellant Render Lee Rosser of two counts of child molestation. Rosser appeals from the denial of his motion for new trial,[1] alleging insufficiency of

---

[1] Rosser filed a motion for new trial on April 16, 1998, which was denied by the trial court.

the evidence to support his conviction and ineffective assistance of counsel. We affirm the trial court's decision as to the sufficiency of the evidence; however, we vacate the decision as to the ineffective assistance of counsel claim and remand the case for an evidentiary hearing on that issue.

Viewed in the light most favorable to the verdict, the evidence shows that on July 21, 1997, the female victim, T. B., was 13 years old and was at home alone babysitting her younger brother and sister. Rosser, an acquaintance of T. B.'s stepfather, entered the residence and asked T. B. whether her stepfather, mother, and older brother were present. T. B. responded that they were not. Rosser left, but returned five minutes later. He gave T. B.'s younger siblings a dollar and told them to go to the store.

After the younger siblings departed, Rosser sat on the sofa next to T. B., pulled up her shirt and touched her breasts. T. B. then tried to ward off Rosser's attack by hitting him with a telephone. She got up from the sofa and ran to the kitchen where Rosser pursued her. T. B. then tried to run out of the house, but Rosser pulled her back inside, after which he held her by the waist, pulled her shorts down, and touched her vagina. T. B. began screaming and struggling with Rosser. Rosser nevertheless managed to pull down his pants and then took out his erect penis, and tried to penetrate T. B.

When T. B.'s younger brother returned to the house, Rosser ran to the bathroom and pulled up his pants. T. B. pulled up her shorts and ran to her stepsister's residence.

Later that afternoon, T. B.'s grandmother saw T. B. crying and asked her what was wrong. T. B. told her grandmother about the incident with Rosser. She also described the attack to her stepfather, who took her to the police station to report the incident. T. B. further described the attack to her mother while she was en route to the hospital for evaluation.

1. Rosser contends that the evidence was insufficient to support his conviction. We disagree.

> On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the [defendant] no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)].

---

Thereafter, in a habeas corpus proceeding, Rosser was granted permission to pursue an out-of-time appeal.

*Vickers v. State*, 241 Ga. App. 452, 453 (527 SE2d 217) (1999). To establish the offense of child molestation, the State was required to show that Rosser "[did] any immoral or indecent act to . . . or with any child under the age of 16 years with the intent to arouse or satisfy [his] sexual desires. . . ." OCGA § 16-6-4 (a). Rosser was charged with child molestation by touching T. B.'s vagina with his hand (Count 1) and by touching T. B.'s breasts with his hand (Count 2).[2]

T. B.'s testimony alone was sufficient to establish each element of child molestation as charged in the indictment. See *Vickers*, 241 Ga. App. at 453-454. In addition, her testimony was corroborated by the "outcry" witnesses, T. B.'s grandmother, stepfather, mother and a police detective. Based on the trial evidence, any rational trier of fact could have found Rosser guilty of the charged offenses beyond a reasonable doubt. See *Ramirez v. State*, 265 Ga. App. 808, 809-810 (1) (595 SE2d 630) (2004); *Dorsey v. State*, 265 Ga. App. 597, 599 (1) (595 SE2d 106) (2004).

2. Next, Rosser contends that his trial counsel was ineffective for failing to investigate the issue of Rosser's mental capacity. At the motion for new trial hearing, Rosser's trial counsel presented evidence that Rosser was mentally retarded and raised the issue of his own ineffectiveness. Following the denial of the motion, Rosser was appointed appellate counsel. "[A]s the only issues addressed by the trial court were raised by trial counsel, we do not deem the issue of ineffective assistance to have been properly before the trial court as counsel cannot be expected to properly assert and argue his or her own ineffectiveness." (Citations omitted.) *Bates v. State*, 275 Ga. 862, 866 (5) (572 SE2d 550) (2002).

"Generally, when the appeal presents the earliest practical opportunity to raise an ineffectiveness claim, and the claim is indeed raised for the first time on appeal, we remand the case to the trial court for an evidentiary hearing on the issue." (Citations omitted.) *Setser v. State*, 233 Ga. App. 822, 824 (2) (505 SE2d 798) (1998). See also *Parrish v. State*, 194 Ga. App. 760, 762 (4) (391 SE2d 797) (1990). Since the ineffective assistance of counsel claim was not properly raised before the trial court, we vacate the trial court's decision as to the ineffective assistance of counsel claim and remand this case for the conduct of an evidentiary hearing on the issue.

*Judgment affirmed in part, vacated in part and case remanded. Blackburn, P. J., and Miller, J., concur.*

---

[2] Rosser also was charged with rape. However, there was no evidence of penetration presented during the trial and the jury acquitted Rosser of the rape charge.

DECIDED NOVEMBER 7, 2005.

*Joseph W. Jones, Jr.*, for appellant.
*Peter J. Skandalakis, District Attorney, Robert N. Peterkin, Assistant District Attorney*, for appellee.