# Court of Appeals
# of the State of Georgia

ATLANTA,  November 13, 2020

*The Court of Appeals hereby passes the following order:*

**A21A0281. GHANT v. THE STATE.**

On October 8, 2019, Valerie Ghant was convicted of DUI less safe and improper parking. On October 14, 2019, while still represented by counsel, she filed a pro se motion for new trial. Thereafter, on October 17, 2019, trial counsel filed a notice of appeal, followed immediately by a motion for new trial.  Counsel subsequently filed a motion to withdraw the notice of appeal, and then withdrew from representation, and Ghant hired new counsel. The trial court found that the pro se motion for new trial was a nullity because Ghant was represented by counsel at the time she filed it, and that it lacked jurisdiction over the counseled motion for new trial because the notice of appeal had been filed first, albeit on the same day. Accordingly, it denied Ghant's motion to withdraw the notice of appeal.

The appeal has now been docketed in this Court, and Ghant has filed a motion to remand the case to the trial court in order to proceed with the motion for new trial. In the motion, counsel states that there are issues of ineffective assistance of trial counsel that will require a hearing to resolve.

Because Ghant's counseled motion for new trial was timely filed within thirty days of the entry of the judgment of conviction, the notice of appeal does not divest the trial court of jurisdiction; instead, the effect of the notice of appeal is stayed until the trial court has ruled on the motion for new trial. *Hood v. State*, 282 Ga. 462, 465 (651 SE2d 88) (2007); compare *Peterson v. State*, 274 Ga. 165, 171 (6) (549 SE2d 387) (2001) (trial court lacked jurisdiction to rule on untimely motion for new trial,

filed after the timely filing of a notice of appeal). Moreover, claims of ineffective assistance of counsel must be raised at the earliest opportunity and typically require an evidentiary hearing for their resolution. *Peterson*, 274 Ga. at 171 (6); *Rosser v. State*, 276 Ga. App. 261, 263 (2) (623 SE2d 142) (2005). Therefore, Ghant's motion to remand is GRANTED. Upon entry of an order on the motion for new trial, the superior court clerk is DIRECTED to re-transmit the case to this Court for re-docketing. Ghant need not file a second notice of appeal, as the prematurely filed notice of appeal will ripen upon entry of the trial court's final order. See *Hann v. State*, 292 Ga. App. 719, 720 (1) (665 SE2d 731) (2008) (a premature notice of appeal will ripen upon the filing of a trial court order granting, overruling, or otherwise disposing of a motion for a new trial); see also OCGA § 5-6-38 (a).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   11/13/2020*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_Stephen E. Castlen_____ , *Clerk.*