A92A0778. LEWIS v. THE STATE.
(421 SE2d 339)

POPE, Judge.

Clifford William Lewis was convicted on three counts of aggravated child molestation and three counts of aggravated sodomy. He appeals.

1. Defendant argues the trial court erred in its charge to the jury on aggravated sodomy because the charge, as well as the appellate decisions upon which the charge was based, does not correctly reflect the legislative intent of the aggravated sodomy statute, OCGA § 16-6-2. Thus, defendant argues, the charge violated his constitutional right of due process.

The trial court instructed the jury that "[s]exual acts directed to a child under the age of 14 years are in law forcible and against the will of the child." Although defendant acknowledges that the charge is in accordance with the holdings of the appellate courts of this state, he argues on appeal that the aggravated sodomy statute, OCGA § 16-6-2, expresses no legislative intent to define all sodomy against a child under a specified age as aggravated sodomy and that such a charge is a denial of due process of law. However, no such objection was made to the charge at the trial of the case. The trial transcript reveals that a lengthy discussion transpired between the court and both attorneys concerning the age at which sodomy becomes aggravated sodomy as a matter of law due to the child's legal inability to consent. After the judge declared that he would instruct the jury that the offense became aggravated sodomy when the victim was under the age of 14, the defendant's attorney stated: "The only clarification I would offer

to that is that I'm not acquiescing in it because I still think, Judge, that . . . ." The trial judge interrupted the attorney and no further objection was raised. Thus, the only objection raised appears to have been to the particular age specified by the trial judge. In any event, the defendant did not raise a due process objection and this court will not consider issues and grounds for objection, even of constitutional magnitude, which were not raised in the trial court. See *Senase v. State*, 258 Ga. 592 (372 SE2d 813) (1988); *Rhodes v. State*, 200 Ga. App. 193, 195 (2) (407 SE2d 442) (1991).

2. The trial court sentenced defendant to 15 years in prison, to be served concurrently, as to each of the six counts. The six counts consisted of one charge of aggravated sodomy and one charge of aggravated child molestation arising out of the same described act as to each of three children named in the indictment. Defendant contends that because the evidence showed the two offenses against each child arose out of the same act, they merged as a matter of fact and law and the trial court erred in sentencing him separately on each of the two offenses. We agree. "The aggravated child molestation charge and the aggravated sodomy charge in each [pair of counts as to each of the three victims] were both based on the same act of sodomy. . . . OCGA § 16-6-2 prohibits sodomy generally while OCGA § 16-6-4 prohibits sodomy involving a child. Accordingly, while it was proper to prosecute appellant . . . for both aggravated sodomy and aggravated child molestation, he should have been convicted and sentenced . . . for only one of the two rather than for both." *Dobbins v. State*, 262 Ga. 161, 165 (4) (415 SE2d 168) (1992). See also *LaPalme v. State*, 169 Ga. App. 540 (1) (313 SE2d 729) (1984).

Although the evidence showed that, at least as to two of the three victims, defendant committed the illegal act charged in each pair of counts on more than one occasion, the indictment did not charge the defendant with separate and distinct acts but merely charged him with two different crimes for the same described act. Thus, this case is distinguishable from those cases in which we have upheld the conviction and sentencing for separate crimes and rejected the defendant's claim of merger because the indictment charged the defendant with multiple, distinct offenses. See, e.g., *Williams v. State*, 195 Ga. App. 476 (3) (394 SE2d 123) (1990); *Huggins v. State*, 192 Ga. App. 820 (2) (386 SE2d 703) (1989). Accordingly, we hold defendant should have been sentenced for only one of the two offenses for which he was convicted as to each of the three victims.

*Judgment affirmed in part and reversed in part. Carley, P. J., and Johnson, J., concur.*

DECIDED JULY 14, 1992.

*Richard L. Dickson, Russell C. Gabriel, Vicki E. Carter, D. Todd Wooten,* for appellant.

*Harry N. Gordon, District Attorney, Gerald W. Brown, Assistant District Attorney,* for appellee.