S05A0840. ADKINS v. THE STATE.

(614 SE2d 67)

THOMPSON, Justice.

Marlon Bryan Adkins was convicted of malice murder and aggravated assault following the drive-by shooting of Charles Givens, and the firing of a handgun into a crowd of bystanders.[1] On appeal,

---

[1] The crimes were committed on October 16, 2002. An indictment was returned on February 26, 2003, charging Adkins with malice murder and aggravated assault. Trial commenced on October 13, 2003, and a jury found Adkins guilty as charged on October 17, 2003. A bifurcated trial was held on a charge of possession of a weapon by a convicted felon, and the State nolle prossed that count after the jury was unable to reach a unanimous verdict. Adkins was sentenced on October 21, 2003 to life imprisonment plus a term of 20 consecutive years. A timely motion for new trial was denied on October 27, 2004. A notice of appeal was filed on November 18, 2004. The case was docketed in this Court on February 1, 2005, and was submitted for a decision on briefs on March 28, 2005.

Adkins claims that the evidence is insufficient to support his convictions, and he asserts that the trial court erred in failing to sever his trial from that of his co-defendants. Finding no error, we affirm.

Viewed in a light most favorable to the verdict, the evidence shows that three masked men in a burgundy Oldsmobile Delta 88 automobile drove up alongside Givens' residence and opened fire just as the 67-year-old Givens was about to get into his car. One of the perpetrators was removing his mask as the Oldsmobile approached and was visible to several bystanders who identified him as Adkins. At least fifteen shots were fired; two struck Givens; another injured one of the bystanders; and other people congregated in the street, including several children, were forced to take cover to avoid the gunfire. Givens died later that evening from a fatal gunshot wound to the chest.

The next day Adkins admitted to a friend that he had been responsible for the shooting, along with his brother Demetric Adkins ("Demetric"), and his cousin Kevin Adkins ("Kevin"). Adkins also told the friend that he had used a .9 millimeter handgun which he had tossed over a bridge, and that the three perpetrated the shootings in a stolen car. Adkins, Demetric, and Kevin were jointly charged and tried for the crimes.

The evidence also established that Adkins and his co-defendants had been feuding with several men who were frequent visitors at the home of Givens' next door neighbor, and that defendants planned the drive-by shooting as an act of revenge against those men. Adkins disclosed to a friend that those men were the intended victims and that the "old man [Givens] shouldn't'a been there with them . . . youngsters, anyway and he wouldn't'a died."

1. The evidence was sufficient for a rational trier of fact to have found Adkins guilty beyond a reasonable doubt of malice murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Adkins contends that he was entitled to a directed verdict of acquittal with respect to the charge of aggravated assault because the evidence established that no one other than the murder victim had been shot, and there was a complete absence of testimony that any bystanders were placed in reasonable fear of immediately receiving a violent injury. These assertions, however, are totally belied by the record. Adkins was charged with aggravated assault under OCGA § 16-5-21 (a) (3) in that he "did assault persons in the area of 1113 East 37th Street without legal justification by discharging a firearm from within a motor vehicle toward such persons." One of the bystanders in front of Givens' home testified that he had been shot in the wrist during the drive-by shooting. Another testified that he threw his body on top of a child to protect the child from injury, and others

took cover to avoid the gunfire. Clearly, there were victims other than Givens who were placed in fear of receiving imminent injury.

To the extent Adkins claims that the indictment is insufficient because it failed to identify the alleged aggravated assault victims by name, " '[a] motion for directed verdict of acquittal is not the proper way to contest the sufficiency of an indictment. A motion for directed verdict of acquittal . . . addresses the sufficiency of the evidence, not the sufficiency of the underlying indictment.' " *McKay v. State*, 234 Ga. App. 556, 559 (2) (507 SE2d 484) (1998).

The issue presented for review is the propriety of the denial of Adkins' motion for a directed verdict of acquittal as to aggravated assault. " 'This issue is determined, not by the sufficiency of the (indictment), but by whether the evidence adduced at trial demanded a verdict of "not guilty," ' " *Williams v. State*, 237 Ga. App. 814 (515 SE2d 875) (1999), under the standard of *Jackson v. Virginia*, supra. See *McClellan v. State*, 274 Ga. 819 (1) (561 SE2d 82) (2002). Applying *Jackson v. Virginia*, supra, we hold that the evidence was sufficient to authorize Adkins' conviction for the aggravated assault of individuals other than Givens. *Montes v. State*, 262 Ga. 473 (1) (421 SE2d 710) (1992).

3. Adkins submits that the trial court erred in failing to sever his trial from that of his co-defendants.

As the moving party, Adkins has the "burden of making a clear showing of prejudice and a denial of due process in the absence of severance." (Punctuation omitted.) *Moss v. State*, 275 Ga. 96, 97 (2) (561 SE2d 382) (2002).

> The following factors must be considered by a trial court when exercising its discretion in regard to a motion to sever in a case in which the death penalty is not sought. "(1) Will the number of defendants create confusion as to the law and evidence applicable to each? (2) Is there a danger that evidence admissible against one defendant will be considered against the other despite the court's instructions? (3) Are the defenses of the defendants antagonistic to each other or to each other's rights?" [Cit.]

*Howard v. State*, 279 Ga. 166, 171 (4) (611 SE2d 3) (2005).

Each of the co-defendants was jointly charged with the same offenses, and the evidence established that the offenses were committed simultaneously. Accordingly, there was no danger of confusion as to the law and evidence applicable to each, as virtually all of the evidence tended to show their joint guilt. Nor is severance mandated, as Adkins suggests, solely because each of the three defendants shared the same last name. See *Berry v. State*, 267 Ga. 605 (9) (481

SE2d 203) (1997); *Haynes v. State*, 199 Ga. App. 288 (7) (404 SE2d 585) (1991). Also, the defenses were complimentary, not antagonistic, in that all defendants argued that the State had charged the wrong men and had failed to prove its case.

As for whether evidence admissible against one co-defendant was improperly considered against another, Adkins points to testimony by a State's witness that the witness was threatened or intimidated by Demetric in an effort to influence his trial testimony. Our review of the record, however, reveals that the trial court carefully instructed the jury prior to admission of this evidence that they may consider the testimony only with "reference to one defendant, that being Demetric," and that no harmful inferences may be drawn against Adkins or Kevin. The court also elicited a response from the jurors that they understood and would follow the limiting instruction.

Nor was Adkins unduly prejudiced by the admission into evidence of a hat worn by Kevin at the time of his arrest which bore the phrase, "Fuck everybody." The State carefully tailored its closing argument regarding the hat to pertain to Kevin alone. And since the evidence against Adkins was overwhelming, we have no concern that any spillover effect may have impacted the jury. Under the circumstances, Adkins has failed to demonstrate clear prejudice and a denial of due process as a result of the joint trial. *Linares v. State*, 266 Ga. 812 (4) (471 SE2d 208) (1996). It follows that the trial court did not abuse its discretion in denying the severance motion. *Howard*, supra at 171 (4).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 6, 2005.

*Zipperer, Lorberbaum & Beauvais, Steven L. Beauvais, Eric R. Gotwalt*, for appellant.

*Spencer Lawton, Jr., District Attorney, Isabel M. Pauley, Assistant District Attorney, Thurbert E. Baker, Attorney General, Julie A. Adams, Assistant Attorney General*, for appellee.