## S06A1119. ADKINS v. THE STATE.
(632 SE2d 650)

THOMPSON, Justice.

Appellant Kevin Adkins was convicted of malice murder and aggravated assault in the fatal drive-by shooting of Charles Givens, and the firing of his weapon into a crowd of bystanders.[1] Appellant's cousins, Demetric and Marlon Adkins, also participated in the crimes; the three were jointly indicted and tried.[2] On appeal, appellant asserts, inter alia, that he was entitled to a severance of defendants, and that he was denied effective assistance of trial counsel. Finding no error, we affirm.

In summary, the evidence established that three masked men in a burgundy Delta 88 automobile opened fire in the direction of Givens' house. Givens was struck and killed while getting into his car; another bystander was injured. Others in the area were forced to take cover in order to avoid the gunfire. One bystander testified that he observed Marlon in the approaching vehicle before Marlon covered his face with a mask.

The day after the shooting, Marlon admitted to a friend that he, Demetric, and appellant had all been responsible for the shooting. The evidence also showed that the three perpetrators had been feuding with several men who were frequent visitors at the home of Givens' next-door neighbors, and that those visitors were the intended targets of the shooting.[3]

1. The evidence was sufficient for a rational trier of fact to have found appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant asserts that he was denied his constitutional right to effective assistance of trial counsel in that counsel failed to (a) offer testimony of certain alibi witnesses; (b) adequately consult with appellant prior to trial; and (c) move to sever his trial from that of his co-defendants. Following an evidentiary hearing, the trial court concluded that counsel rendered reasonably effective assistance during the trial.

---

[1] The crimes were committed on October 16, 2002. An indictment was returned on February 26, 2003, and a jury found appellant guilty as charged on October 17, 2003. Appellant was sentenced on October 21, 2003 to life imprisonment plus a term of 20 consecutive years. A timely motion for new trial was denied on November 3, 2005. A notice of appeal was filed on November 30, 2005. The case was docketed in this Court on March 10, 2006, and was submitted for a decision on the briefs on May 1, 2006.

[2] The conviction of Marlon Adkins was unanimously affirmed on appeal to this Court. *Adkins v. State*, 279 Ga. 424 (614 SE2d 67) (2005).

[3] The facts are more fully set out in *Adkins*, supra.

To prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficiency so prejudiced defendant that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); [cit.]. The criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct. [Cit.] The trial court's findings with respect to effective assistance of counsel will be affirmed unless clearly erroneous. [Cit.]

*Patel v. State*, 279 Ga. 750, 751 (620 SE2d 343) (2005).

(a) Counsel's "decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." (Punctuation omitted.) *Wiggins v. Smith*, 539 U. S. 510 (II) (123 SC 2527, 156 LE2d 471) (2003). In *Escobar v. State*, 279 Ga. 727, 730 (620 SE2d 812) (2005), we held that trial counsel "was not ineffective for failing to discover a possible alibi witness of whom he was not informed." Here, trial counsel testified at the hearing on motion for new trial that appellant did not inform him of the existence of any alibi witnesses. It is within the trial court's discretion to resolve conflicting testimony between trial counsel and a defendant at a hearing on motion for new trial. *Boyd v. State*, 275 Ga. 772, 776 (573 SE2d 52) (2002); *Fitz v. State*, 275 Ga. App. 817, 825 (622 SE2d 46) (2005). Trial counsel's performance cannot be deemed ineffective for failing to locate alibi witnesses whose existence was not brought to his attention. *Escobar v. State*, supra.

(b) Appellant asserts that trial counsel was ineffective because he failed to consult with him and never asked appellant where appellant was when the crime occurred. Trial counsel testified that he met with appellant on several occasions; that appellant told him he was not at the scene when the crime took place, but that appellant never provided him with any alibi witnesses. Trial counsel also testified that he reviewed videotapes and other discovery materials with appellant and the two discussed trial strategy. In view of trial counsel's testimony, appellant's claim that trial counsel failed to consult with him is unfounded.

(c) Appellant's assertion that trial counsel was ineffective in failing to move to sever the trial from that of his co-defendants is without merit.

> While other counsel, had they represented appellant, may have exercised different judgment, the fact that the trial counsel chose to try the case in the manner in which it was tried and made certain difficult decisions regarding the defense tactics to be employed with which appellant and his present counsel now disagree, does not require a finding that the representation below was so inadequate as to amount to a denial of effective assistance of counsel.

*Solomon v. State*, 247 Ga. 27, 29 (277 SE2d 1) (1980). Here, trial counsel testified that it was his trial strategy to have the co-defendants tried together.[4] In trial counsel's opinion, the evidence was stronger against the co-defendants, and it was counsel's intent to distance appellant from them. Trial counsel was not ineffective in implementing this strategy. Id.

3. Appellant submits that the trial court erred in admitting into evidence a hat he wore at the time of his arrest which bore the phrase "Fuck everybody." The trial court has discretion in deciding whether evidence is so prejudicial to a defendant that it must be excluded. *Carroll v. State*, 261 Ga. 553, 554 (408 SE2d 412) (1991). And all circumstances surrounding the arrest of a defendant are admissible if relevant, even if the evidence incidentally places the defendant's character in issue. *Sweet v. State*, 278 Ga. 320, 325 (602 SE2d 603) (2004). Here, the trial court did not abuse its discretion by allowing the jury to view clothing worn by appellant at the time of arrest. In addition, it was shown that the clothing was similar to clothing worn by the shooters at the crime scene.

4. Appellant asserts that the trial court erred in allowing inadmissible hearsay testimony regarding a conversation a witness overheard between appellant and a co-defendant. Our review of the record, however, reveals that no such hearsay was admitted. The witness never set forth the contents of the conversation. In fact, the witness stated she could not recall the conversation, and the State moved on to other lines of questioning.

5. It is also asserted that the trial court erred in allowing evidence of prior difficulties between appellant and intended targets of the shooting. This assertion is waived on appeal because no such objection was raised below. *Bridges v. State*, 279 Ga. 351, 356 (613 SE2d 621) (2005).

*Judgment affirmed. All the Justices concur.*

---

[4] We note that in the appeal of co-defendant Marlon Adkins, this Court held that the trial court did not abuse its discretion in denying Marlon's motion to sever. *Adkins*, supra at 426-427.

DECIDED JULY 13, 2006.

*Jennifer R. Burns*, for appellant.

*Spencer Lawton, Jr., District Attorney, Isabel M. Pauley, Assistant District Attorney, Thurbert E. Baker, Attorney General, Vonnetta L. Benjamin, Assistant Attorney General*, for appellee.