## S06A1716. ADKINS v. THE STATE.
### (637 SE2d 714)

SEARS, Chief Justice.

The appellant, Demetric Adkins ("Adkins"), along with his brother, Marlon Adkins ("Marlon"), and his cousin, Kevin Adkins ("Kevin"), were charged with aggravated assault and murder, stemming from the shooting death of Charles Givens.[1] The three defendants were jointly tried, and all three were convicted of malice murder and aggravated assault. Adkins was sentenced to life imprisonment for malice murder, plus a consecutive 20 years for aggravated assault. This Court has already affirmed Marlon's[2] and Kevin's[3] convictions. For the reasons that follow, we now affirm Adkins's convictions.

1. As more fully set forth in the previous two *Adkins* cases,[4] the evidence would have authorized a rational trier of fact to find beyond a reasonable doubt that Adkins, Marlon, and Kevin fired numerous shots on a crowded neighborhood street in an attempt to shoot several men with whom they had been feuding; that the murder and aggravated assault victims were innocent bystanders; and that, shortly

---

[1] The crimes were committed on October 16, 2002. Adkins was indicted on February 26, 2003, for malice murder and aggravated assault. On October 17, 2003, a jury found Adkins guilty of both crimes. On October 24, 2003, Adkins filed a motion for new trial, and on June 23, 2004, Adkins filed an amended motion for new trial. On February 6, 2006, the trial court denied Adkins's motion for new trial, as amended. On February 16, 2006, Adkins filed a notice of appeal, and on June 15, 2006, the appeal was docketed in this Court. The case was subsequently submitted for decision on briefs.

[2] *Adkins v. State,* 279 Ga. 424 (614 SE2d 67) (2005).

[3] *Adkins v. State,* 280 Ga. 761 (632 SE2d 650) (2006).

[4] *Adkins,* 279 Ga. at 424-425; *Adkins,* 280 Ga. at 761.

after the shootings, Marlon told a friend that he, Kevin, and Adkins had committed the crimes in question. The evidence also shows that a friend of Adkins saw him with a shotgun shortly after the shooting; that the shotgun had red shells; and that Adkins told the friend that the gun had been used in the shootings. Forensic evidence established that red shotgun shells were found at the scene of the shooting. Viewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found Adkins guilty of malice murder and aggravated assault beyond a reasonable doubt.[5]

2. Adkins contends that the trial court erred by denying his motion to sever his trial from that of his co-defendants. To prevail on this claim, Adkins has the burden to show that the joint trial resulted in clear prejudice and a denial of due process.[6] We conclude that he has failed to carry this burden.

Adkins contends primarily that the fact that the co-defendants all had the same last name very likely led to confusion by the jury and that his trial thus should have been severed. Marlon, however, made this same contention on his appeal.[7] In response to Marlon's contention that his trial should have been severed because of possible confusion as to the law and evidence, we held as follows:

> Each of the co-defendants was jointly charged with the same offenses, and the evidence established that the offenses were committed simultaneously. Accordingly, there was no danger of confusion as to the law and evidence applicable to each, as virtually all of the evidence tended to show their joint guilt. Nor is severance mandated, as [Marlon] suggests, solely because each of the three defendants shared the same last name. See *Berry v. State*, 267 Ga. 605 (9) (481 SE2d 203) (1997); *Haynes v. State*, 199 Ga. App. 288 (7) (404 SE2d 585) (1991).[8]

Moreover, Adkins points to no evidence that was admissible against Marlon or Kevin that the jury might have improperly considered against him,[9] and we held in Marlon's appeal that the defenses of the co-defendants "were complimentary, not antagonistic,

---

[5] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[6] *Adkins*, 279 Ga. at 426.

[7] Id. at 426-427.

[8] Id.

[9] Id. at 426 (in ruling on a defendant's motion to sever, one factor to consider is whether there is evidence admissible against other defendants that will be considered against him despite the trial court's instructions).

in that all defendants argued that the State had charged the wrong men and had failed to prove its case."[10]

For the foregoing reasons, we conclude that Adkins has failed to carry his burden to show prejudice and a denial of due process from the joint trial. The trial court thus did not err in denying his motion to sever.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 20, 2006.

*Donald B. Lowe III*, for appellant.

*Spencer Lawton, Jr., District Attorney, Isabel M. Pauley, Assistant District Attorney, Thurbert E. Baker, Attorney General, Edwina M. Watkins, Assistant Attorney General*, for appellee.