## A08A0034. SMASHUM v. THE STATE.
(666 SE2d 549)

BARNES, Chief Judge.

A jury found Anthony Smashum, Jr., guilty of armed robbery, aggravated assault, aggravated battery, and three counts of possessing a firearm during the commission of a felony. On appeal, he argues that the trial court erred in denying his motion in limine and in failing to merge his aggravated battery and armed robbery convictions. He also claims that he received ineffective assistance of counsel at trial. For reasons that follow, we affirm.

Viewed favorably to the jury's verdict, the evidence shows that on June 14, 2005, Derrick Wade was robbed at gunpoint outside of his mother's home. A man with a shirt tied over his face approached Wade with a gun, instructing him to lie on the ground. Wade complied, and the robber took several hundred dollars from him. After questioning whether Wade had more money, the robber pressed the gun to the back of Wade's head and pulled the trigger, but the gun misfired.

Believing he had "nothing to lose," Wade began fighting the robber. As they struggled, Wade pulled the shirt from the robber's face, and he recognized the man from the neighborhood. The men continued to fight, and the gun went off. At that point, Wade pushed the robber to the ground and ran. The robber fired the gun again, striking Wade in the leg, then fled.

The police arrived a short time later, and Wade gave them a physical description of the robber. Wade also stated that he could not remember the robber's name, but that he knew the man, what type of car he drove, and generally where he lived. He also told the police that the robber's brother had been "implicated in a homicide, the Enmark homicide."

One of the responding officers was familiar with Smashum and believed that he fit Wade's description. When the officer contacted Smashum later that night, he noticed that Smashum had a "visible knot on his head" and "busted lip" that was bleeding. Questioned about the injuries, Smashum stated that he had been fighting with his girlfriend. He also denied shooting Wade, asserting that he was with his girlfriend at the time of the crime. Wade, however, identified Smashum as the robber both before and during the trial.

1. Prior to trial, Smashum moved in limine to exclude references

to his brother's involvement in the "Enmark killing," arguing that associating his brother with a homicide would prejudice him. The trial court denied the motion, and Smashum challenges this ruling on appeal. We find no error.

As noted above, the reference to Smashum's brother related directly to Wade's identification of the robber. Part of his description was that the robber's brother had been implicated in the homicide. Smashum, who raised an alibi defense, challenged Wade's identification at trial, suggesting at several points that Wade's physical description of the robber could fit many men. Under these circumstances, the trial court did not abuse its discretion in finding the evidence, which gave the identification more specificity, both relevant and admissible. See *Taylor v. State*, 254 Ga. App. 150, 153 (4) (561 SE2d 833) (2002) (trial court does not abuse its discretion in admitting relevant evidence, even if that evidence incidentally impugns the defendant's character); *McCarthy v. State*, 196 Ga. App. 839, 841 (3) (397 SE2d 178) (1990) ("Evidence relevant to an issue in the case is not rendered inadmissible because it may incidentally impugn the character of an accused where character is not otherwise in issue.") (punctuation omitted).

On appeal, Smashum vaguely characterizes the evidence as hearsay. Wade, however, testified about his description to police and was subject to cross-examination by defense counsel. As we recently noted, "[w]here a witness testifies as to what he or she told another person, it is not hearsay." *English v. State*, 288 Ga. App. 436, 440 (2) (654 SE2d 150) (2007). And although a police officer also testified about the description, that evidence was cumulative of Wade's own testimony, and Smashum makes no claim that it improperly bolstered Wade. Accordingly, even if the officer's testimony constituted hearsay, its admission does not require reversal. See *Head v. State*, 254 Ga. App. 550, 551 (2) (562 SE2d 815) (2002) (" 'The erroneous admission of hearsay is harmless where legally admissible evidence of the same fact is introduced.' ").

2. Smashum claims that the trial court erred in failing to merge his conviction for aggravated battery into the armed robbery conviction.[1] In determining whether offenses merge, Georgia applies the "required evidence" test. *Drinkard v. Walker*, 281 Ga. 211, 212 (636 SE2d 530) (2006). Under that analysis, " 'where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a

---

[1] The trial court merged the aggravated *assault* conviction into the armed robbery offense at sentencing.

fact which the other does not.' " Id. at 215. Thus, a crime does not merge into another unless it is "established by proof of the same or less than all the facts" required to support the other offense. Id. at 217.

As to aggravated battery, the indictment charged that Smashum "maliciously cause[d] bodily harm to [Wade] by seriously disfiguring a member of his body, to wit: shattering his shinbone," in violation of OCGA § 16-5-24. The armed robbery charge, on the other hand, alleged that Smashum took money from Wade using a handgun, in violation of OCGA § 16-8-41. A clear reading of these charges and the underlying statutes reveals no merger. The evidence needed to prove aggravated battery was not the same as that necessary to establish armed robbery. In fact, the required evidence was entirely different. One charge demanded evidence that Smashum shot and seriously disfigured Wade, while the other required proof that Smashum took money from Wade at gunpoint. Accordingly, the offenses did not merge, and the trial court properly sentenced Smashum for both. See *Drinkard*, supra, 281 Ga. at 215; *Bryant v. State*, 274 Ga. 798, 801 (5) (560 SE2d 23) (2002).

3. Finally, Smashum claims that he received ineffective assistance of counsel at trial. To prevail on this claim, he must demonstrate that trial counsel's performance was deficient and that the deficiency prejudiced him. *Adkins v. State*, 280 Ga. 761, 762 (2) (632 SE2d 650) (2006). He also "must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct." Id. Absent clear error, a trial court's findings with respect to a defendant's ineffective assistance claim will be affirmed. Id.

(a) Smashum argues that trial counsel should have moved to exclude or at least redact profanity from his recorded statement to police officers, which was admitted into evidence. He concedes that the statement supported his alibi defense, but argues that the State had no purpose for admitting the profanity-ridden version other than to impugn his character.

At the hearing on Smashum's motion for new trial, defense counsel testified that he did not seek to exclude the statement because "it fit[ ] perfectly into" Smashum's alibi defense. Moreover, he considered moving to redact the profanity, but concluded that "the language actually [made] it more authentic and . . . [a] more powerful[ ] denial on the part of Mr. Smashum." He thus determined that "it would be more effective to have it all come in and have the jury consider everything, as opposed to redacting the offensive language."

Trial counsel's decision not to object to the statement's admissibility was clearly strategic, reflecting a determination that the

evidence aided the alibi defense. Smashum has not shown that this strategy was unreasonable. And although Smashum's current attorney might have approached the issue differently,

> the fact that . . . trial counsel chose to try the case in the manner in which it was tried and made certain difficult decisions regarding the defense tactics to be employed . . . does not require a finding that the representation below was so inadequate as to amount to a denial of effective assistance of counsel.

*Adkins*, supra, 280 Ga. at 763 (2) (c). Smashum has not demonstrated ineffective assistance on this ground. See id.; *Bunkley v. State*, 278 Ga. App. 450, 453-454 (1) (a) (629 SE2d 112) (2006) (trial counsel's strategic choice not to seek exclusion of co-defendant's statement did not constitute ineffective assistance).

(b) Smashum also complains that trial counsel opened the door to evidence that had been excluded prior to trial. The record shows that, in addition to the recorded statement discussed above, Smashum made another, unrecorded statement during a police interview. Following a *Jackson-Denno* hearing, the trial court deemed the statement inadmissible. Nevertheless, trial counsel questioned various officers about the statement, and the trial court found that counsel had opened the door to further evidence regarding it.

Trial counsel testified that in the "heat of the moment, [he] must have asked one question too many" and thus opened the door to evidence about the statement. He further testified, however, that the evidence did not prejudice — and actually bolstered — Smashum's alibi defense. The trial court agreed, finding no ineffective assistance on this ground.

The record supports the trial court's conclusion. In the statement, Smashum claimed to have been with his girlfriend at the time of the shooting. He also provided a general timeline of his movements earlier that day, and trial counsel cross-examined the officer who interviewed Smashum about this timeline.

On appeal, Smashum claims that the statement — and counsel's probing questions about its content — hurt his case because it failed to support other, more detailed evidence regarding his prior activities that day. But even if the statement omitted some information, Smashum consistently claimed, in this statement and others, that he was with his girlfriend when Wade was shot. Like the trial court, we find no reasonable likelihood that the minor omissions or inconsistencies impacted the outcome of the trial or prejudiced him. See *Adkins*, supra, 280 Ga. at 762 (to demonstrate prejudice, defendant

must show a reasonable likelihood that, but for counsel's errors, the trial outcome would have been different).

(c) Next, Smashum argues that trial counsel deficiently called several witnesses who offered testimony that differed in certain respects from that of his girlfriend, his main alibi witness. According to Smashum, counsel failed to sufficiently investigate the facts that might be presented by these witnesses.

Trial counsel testified that although the girlfriend was the primary alibi witness, he called several other individuals to corroborate portions of her testimony. He recalled that some of these witnesses gave testimony that differed slightly from the girlfriend's account. As noted by counsel, however, they also supported significant aspects of the girlfriend's testimony, making them important witnesses.

Strategic decisions regarding which witnesses to call and how to question them do not amount to ineffective assistance of counsel. *Smith v. State*, 283 Ga. 237, 239 (2) (b) (657 SE2d 523) (2008). "The fact that appellate counsel would have pursued the defense in different ways or would have chosen to call different witnesses or [examine witnesses] in a different way does not render trial counsel ineffective." Id. Furthermore, Smashum has not demonstrated that counsel failed to interview these witnesses or investigate their testimony. On the contrary, counsel testified that he interviewed them and knew that their information conflicted somewhat with that provided by the girlfriend, but decided after consulting with Smashum that they were helpful to the alibi defense. Accordingly, Smashum has not established deficient performance on this basis. See id.

(d) Smashum argues that trial counsel erred in failing to elicit certain information from a defense witness. Faced with evidence that Smashum attempted to contact Wade after the shooting, trial counsel called a witness who, according to counsel, would testify that Smashum merely wanted to ask why Wade was accusing him of a crime he did not commit. The State objected to the evidence, and the trial court found it inadmissible. Conceding that it was hearsay, counsel decided not to pursue the matter further.

Smashum now claims that trial counsel could have made a valid argument for admitting the witness's evidence. The witness, however, never testified about the evidence at trial or the new trial hearing. We do not know, therefore, what he actually might have said or whether his testimony would have aided Smashum's defense. Accordingly, even if counsel could have found a way to offer the testimony, Smashum has not demonstrated that counsel's failure to do so prejudiced him. See *Dickens v. State*, 280 Ga. 320, 322 (2) (627 SE2d 587) (2006) (to show that trial counsel's failure to obtain

witness testimony prejudiced him, defendant must either call the witness to testify at the new trial hearing or introduce a legally recognized substitute for that testimony; a defendant cannot rely upon trial counsel's account of what the witness would have said to demonstrate prejudice).

(e) Smashum argues that trial counsel should have objected to the trial court's failure to merge the aggravated battery and armed robbery convictions. As found in Division 2, however, these convictions did not merge. Trial counsel, therefore, properly raised no objection. See *Drinkard*, supra, 281 Ga. at 217.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED MAY 8, 2008 —
RECONSIDERATION DENIED JULY 25, 2008 —

*Steven L. Sparger*, for appellant.
*Spencer Lawton, Jr., District Attorney, Thomas M. Cerbone, Assistant District Attorney*, for appellee.