## A10A0443. PICKARD v. THE STATE.
(691 SE2d 569)

JOHNSON, Presiding Judge.

A jury found Paris Pickard guilty of rape, aggravated sexual battery, and four counts of child molestation for offenses committed upon his girlfriend's two daughters and one of their friends. Pickard appeals from the judgments of conviction entered on the verdict, contending the trial court erred in finding he received effective assistance of trial counsel and in not merging two of the child molestation counts for sentencing purposes. For the reasons explained below, we affirm the judgment in part, vacate it in part, and remand the case for resentencing.[1]

Viewing the evidence in the light most favorable to the verdict,[2] it shows that Pickard lived with his girlfriend and her two daughters.[3] The older daughter testified that one night around January 2000, when she was 16 years old and her mother was not home, Pickard

---

[1] As originally drawn, Count 1 charged Pickard with committing rape upon the older daughter on February 3, 2000. Count 2 charged him with committing incest upon the same child on the same date. Count 3 charged Pickard with aggravated sexual battery for penetrating the sexual organ of the older daughter with his finger on February 3, 2000. Count 4 charged Pickard with child molestation for masturbating in the younger child's presence on July 24, 2001. Count 5 charged Pickard with child molestation for masturbating in the presence of the younger child's friend on July 24, 2001. Count 6 charged Pickard with child molestation for touching the younger child's breasts between August 1, 2000 and July 24, 2001. Count 7 charged Pickard with child molestation for exposing his penis to the younger child between August 1, 2000 and July 24, 2001. The court dismissed Count 2 (incest) because Pickard was not married to the child's mother at the time of the incident alleged therein; a redacted version of the indictment was sent out with the jury. Accordingly, Counts 3 through 7 were renumbered as Counts 2 through 6. We refer to the Counts as originally designated.

[2] See *Kelley v. State*, 295 Ga. App. 663 (1) (673 SE2d 63) (2009).

[3] The couple married in November 2000.

walked back and forth past her masturbating and directing her attention to his exposed penis. Pickard then sat on the couch next to the child, inserted his fingers into her vagina, grabbed her arm and took her to another room where he forced her to have sex. As a result of this incident, the child left home and began staying with various friends and relatives. She told her mother and two friends about the incident, but nobody reported it to law enforcement.

The younger daughter testified that when she was ten years old and her older sister moved out, Pickard began fondling himself in front of her. On numerous occasions, while the child was in the living room, Pickard masturbated in the next room with the door ajar. On one occasion, while the child was lying on the couch, Pickard put his hand on her vaginal area. On another occasion, he "messed with" the child's breasts. Another time, Pickard placed his penis in the child's hand.

On July 24, 2001, when the younger daughter had a friend visiting, Pickard masturbated his exposed penis to the younger daughter and her friend. Later, the two girls snuck out and went to a relative's house. The relative testified that the children were upset and crying, and asked her to call police. After reporting the incidents to police, the younger daughter moved from house to house, staying with different relatives and friends.

1. Pickard argues that trial counsel was ineffective by failing to call or interview significant witnesses, including witnesses who would: (a) provide an alibi for his whereabouts on July 24, 2001; (b) testify that the victims had a reputation for untruthfulness; and (c) testify that the victims discussed a plan to fabricate the charges. This enumeration presents no grounds for reversal.

In order to prevail on an ineffective assistance of counsel claim, Pickard must show that his trial counsel's performance was deficient and that but for that deficiency, there is a reasonable probability that the result of the trial would have been different.[4] Furthermore, Pickard must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct.[5] While we accept the trial court's factual findings and credibility determinations unless clearly erroneous, we independently apply the legal principles to the facts.[6] We will not reverse a conviction on the basis of ineffective assistance of counsel unless trial counsel's conduct so undermined the proper functioning of the adversarial process that the trial could not reliably have produced a

---

[4] See *Ransom v. State*, 297 Ga. App. 902, 904 (2) (678 SE2d 574) (2009).

[5] Id. at 905 (2).

[6] Id.

just result.[7] In addition, we will not judge a charge of ineffective assistance of counsel by a standard of errorless counsel or by hindsight, but rather whether counsel rendered reasonably effective assistance.[8] Absent clear error, a trial court's findings with respect to a defendant's ineffective assistance of counsel claim will be affirmed.[9]

(a) *Alibi.* There was testimony that the child molestation offenses involving the younger daughter and her friend (Counts 4 and 5) occurred on July 24, 2001, at 10:30 a.m., when the younger daughter's mother was at work, and at about 4:45 p.m., while the mother was either still at work or out shopping after stopping home after work. The younger daughter testified that on the day these incidents occurred, Pickard "would leave [the house] for a little bit and then he would be gone for a little bit and then he would come back."

At the hearing on the motion for new trial, Pickard's brother testified that on July 24, 2001, Pickard worked with him and his father laying sod, and Pickard only left the site to go home for lunch and to retrieve a garden hose. The brother did not specify what time Pickard left or returned to the job site, or how long he was gone.

Pickard's father testified at the hearing that Pickard was laying sod with him and Pickard's brother that day from "early in the morning until late that evening and he couldn't have been at home." When asked if Pickard was ever gone from the job site that day, the father replied, "[b]est I can remember around lunch."

The mother of the sisters testified at the hearing that she was at work on July 24, 2001, that she heard from Pickard's brother that Pickard worked with him that day, and that Pickard came home after she did that day covered with mud. The mother did not state what time she came home from work or if she left again afterward.

Pickard argues that trial counsel was deficient for not interviewing these witnesses or calling them to testify at trial regarding his whereabouts on July 24, 2001.

At the hearing, trial counsel testified that he had information that Pickard was working with his father and brother that day, and that prior to trial he filed a notice of alibi listing the brother as an alibi witness. Counsel decided not to call the father as a witness because he thought the brother's testimony would be sufficient. Pickard's brother was present at the courthouse on the day of trial, and trial counsel met with him outside the courthouse briefly as well

---

[7] *Kelley*, supra at 665 (2).

[8] Id.

[9] *Smashum v. State*, 293 Ga. App. 41, 43 (3) (666 SE2d 549) (2008).

as talked to him a month earlier. But, other than to say that the proceedings moved along more quickly than expected, counsel did not explain why he did not call the brother as a witness.

Even if the "alibi" witnesses had testified at trial exactly as they did at the hearing, Pickard has not demonstrated that there is a reasonable probability that the outcome of the trial would have been different, as the testimony would not have exonerated him.[10] After all, the witnesses could not account for all of Pickard's time. Their testimony was that, on the date that two of the six offenses occurred, Pickard was at work most of the day but also went home during the workday — this was not inconsistent with the younger daughter's testimony that Pickard committed those two offenses on a day when he was "in and out that day," and would "leave for a little bit . . . come back . . . [a]nd maybe leave again."

Furthermore, trial counsel testified that his strategy was to point out inconsistencies in the victims' testimony and their behavior. The trial transcript shows that defense counsel did that, extensively cross-examining the victims and the state's witnesses in order to impeach the victims' credibility.

Accordingly, we cannot say that counsel's failure to call the alibi witnesses "so undermined the adversarial process that the trial could not have produced a just result."[11] Pickard has failed to show a reasonable probability that the outcome of the trial would have been different, and so has not demonstrated ineffective assistance.[12]

(b) *Victims' Reputations for Truthfulness.* Pickard claims that trial counsel was ineffective for (i) failing to interview three witnesses (two of the sisters' cousins and their uncle) who would have testified that the sisters had reputations for being untruthful and that the witnesses would not believe the victims; and (ii) failing to call as a witness the sisters' mother who would have testified that her daughters had a bad reputation for truthfulness, that she would not believe them, and that she sought counseling for the girls' untruthfulness.

(i) Pickard has not shown that trial counsel's interviewing the witnesses before trial would have yielded evidence of the sisters' reputation for truthfulness. The fact that appellate counsel decided to ask these witnesses about the victims' reputations for truthfulness does not mean that any reasonably competent attorney would have made such an inquiry. This is not a matter involving counsel's failure to investigate the factual defense to the crimes and failing to

---

[10] See generally *Navarrete v. State*, 283 Ga. 156, 161 (3) (656 SE2d 814) (2008).

[11] See *Kelley*, supra.

[12] See generally *Hester v. State*, 287 Ga. App. 434, 440 (3) (b) (651 SE2d 538) (2007).

obtain available testimony confirming that defense.[13] The manner in which an attorney chooses to attack a witness' credibility falls within the ambit of trial tactics.[14] Trial counsel's strategic decision was not patently unreasonable, and we will not use hindsight to second-guess that decision on appeal.[15]

(ii) Nor does the fact that trial counsel failed to call the mother as a witness show ineffectiveness based on her having told trial counsel prior to trial that she sought counseling for her daughters' "lack of truthfulness." Trial counsel said he decided to impeach the victims' credibility by pointing out inconsistencies in their allegations and their conduct. Although present counsel may have conducted the trial differently, this does not mean that Pickard did not receive a vigorous and complete defense.[16] In fact, the record indicates otherwise. The suggestion that the presentation of witnesses who would testify that two of the victims had bad reputations for truthfulness would have resulted in Pickard's acquittal is speculation and does not demonstrate ineffective assistance.[17]

(c) *Fabrication.* Pickard contends that counsel was ineffective because he failed to interview a state's witness who would have led him to the sisters' cousin.[18] At the hearing, the state's witness testified that he gave an investigator with Pickard's appellate counsel's office "information" about the cousin, but he did not say what the information was, and we do not know what information the state's witness would have given trial counsel regarding the cousin had trial counsel interviewed the witness before trial. Thus, Pickard has not shown that interviewing the state's witness would have changed the outcome of the trial.[19]

The trial court's finding that Pickard received effective assistance of counsel was not clearly erroneous.[20]

2. Count 4 of the indictment charged Pickard with committing child molestation by masturbating his exposed penis to the younger daughter on July 24, 2001. Count 7 of the indictment charged Pickard with committing child molestation by exposing his penis to the same child between August 1, 2000 and July 24, 2001. The jury found Pickard guilty of both counts, and the trial court sentenced

---

[13] See, e.g., *Terry v. Jenkins*, 280 Ga. 341, 346 (2) (c) (627 SE2d 7) (2006).

[14] *Gunn v. State*, 300 Ga. App. 229, 233 (4) (684 SE2d 380) (2009).

[15] *Johnson v. State*, 282 Ga. 235, 236 (2) (647 SE2d 48) (2007); *Flewelling v. State*, 300 Ga. App. 505, 514-515 (4) (685 SE2d 758) (2009).

[16] See *Sutton v. State*, 261 Ga. App. 860, 864 (2) (a) (583 SE2d 897) (2003).

[17] See id.

[18] The cousin did not testify at trial, but testified at the hearing that she heard the sisters admit to making up the allegations.

[19] See *Robbins v. State*, 290 Ga. App. 323, 332-333 (4) (f) (659 SE2d 628) (2008).

[20] See *Smashum*, supra.

him on both counts.

Pickard contends, and the state concedes, that the trial court erred in sentencing him on both counts when the proof of Count 4 used up all of the facts needed to prove Count 7. Under Georgia law, offenses merge and multiple punishment is prohibited if one offense is included in the other as a matter of law or fact.[21] Here, the two offenses merged as a matter of fact, and Pickard cannot be sentenced for both crimes.[22] Accordingly, the case is remanded to allow the trial court to vacate the sentence on Count 7.[23]

*Judgment affirmed in part, vacated in part, and case remanded. Miller, C. J., and Phipps, J., concur.*

DECIDED FEBRUARY 24, 2010.

*Christopher A. Townley*, for appellant.

*Herbert E. Franklin, Jr., District Attorney, Jennifer A. Morris, Assistant District Attorney*, for appellee.

---

[21] *Wells v. State*, 222 Ga. App. 587, 588 (3) (474 SE2d 764) (1996) (physical precedent only); *Lewis v. State*, 205 Ga. App. 29, 30 (2) (421 SE2d 339) (1992).

[22] See *Wells*, supra at 589 (3); *Lewis*, supra.

[23] See *LaPan v. State*, 167 Ga. App. 250, 254 (4) (305 SE2d 858) (1983) (physical precedent only).