#### S00A1638. DUFFIE v. THE STATE.
(540 SE2d 194)

SEARS, Justice.

Appellant Alex Duffie appeals his convictions for malice murder and illegal firearms possession, alleging error in the trial court's recharge to the jury.[1] We conclude that the trial court did not abuse its discretion in limiting the scope of its recharge to only those charges relevant to the jury's inquiries. Therefore, we affirm.

At trial and on appeal, appellant admits that he shot and killed the victim, Maurice Johnson. At trial, appellant stated that he had been threatened by the victim several times, and that several months before the killing occurred, the victim had shot appellant in the hand. On the night of the killing, appellant encountered the victim at a nightclub, and the victim threatened appellant. Thereafter, appellant saw the victim's car parked in the parking lot of a fast food restaurant. Appellant approached the car with a bandanna pulled over his face, and pointed his hand at the car as if it were a gun. Appellant then retreated behind a nearby building. Shortly thereafter, appellant again approached the car, this time holding a handgun, and shot the victim twice, killing him.

Appellant helped police to recover the murder weapon, and a firearms expert determined that it was the gun used to kill the victim. At trial, with the assistance of expert medical testimony, appellant put forth evidence that he suffered from post-traumatic stress disorder, brought on by the victim's threats and assault. This evidence was submitted in connection with appellant's defense of justification.

Appellant was found guilty of malice murder and illegal firearms possession. This appeal ensues.

1. The evidence introduced at trial was sufficient to enable a rational trier of fact to conclude that appellant was guilty of the crimes for which he was convicted.[2]

---

[1] The murder occurred on January 30, 1999, and appellant was indicted on April 20, 1999. The jury found appellant guilty on June 30, 1999, and on July 7, 1999, appellant was sentenced to life imprisonment plus a concurrent five year sentence. A new trial motion was filed on July 29, 1999 and amended on May 19, 2000. The motion was denied on May 19, 2000, and a timely notice of appeal was filed on June 1, 2000. The appeal was docketed with this Court on June 19, 2000, and submitted for decision on briefs on August 14, 2000.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. At appellant's request, the trial court instructed the jury on post-traumatic stress disorder, and also instructed that the jury could consider the evidence of post-traumatic stress in support of appellant's justification defense.

During deliberations, the jury requested recharges concerning the definitions of malice murder and justification, and also asked the trial court "who the gun [i.e., the murder weapon] was registered to?" In response, the trial court declined to comment on the evidence regarding the gun registration. The court then stated:

> I am going to recharge you on the law concerning malice murder. I will also charge you on the two principles of law that I previously did concerning justification. However, let me so charge you at this time that because I am not going to give you the entire recharge, you are not to place more credit to these charges — because I'm trying to answer your question — than you are on all of the other principles of law that I have given you; in that you are to take all of the principles of law that I so charged you a little bit ago in connection with one another. I am not going to recharge everything, but only the ones concerning the questions that you have asked.

The trial court then recharged on malice murder and justification. After the jury left the courtroom for further deliberation, appellant objected because the trial court did not recharge on post-traumatic stress disorder. The trial judge replied that a recharge on post-traumatic stress disorder would be given only if the jury requested such a recharge.

On appeal, appellant argues that the trial court's failure to recharge on post-traumatic stress disorder constituted an abuse of discretion requiring that his conviction be overturned. Because appellant relied upon post-traumatic stress in support of his defense of justification at trial, he urges that the jury's request for a recharge on justification also required a recharge on post-traumatic stress disorder. The trial court's failure to recharge on post-traumatic stress disorder, argues appellant, confused and misled the jury and may have effectively denied him his sole defense in this matter.

We disagree. At the outset, we note that in appellant's original requests to charge, his charges on justification and post-traumatic stress disorder were not combined but rather were presented as separate and distinct charges.[3] Furthermore, our case law contains no

---

[3] As indicated above, appellant's requests to charge did state that the evidence regarding post-traumatic stress disorder was submitted in connection with his justification defense.

general mandate requiring the trial courts, when responding to a jury's request for a recharge on a particular defense (i.e., justification) to also recharge on all principles asserted in connection with that defense (i.e., post-traumatic stress disorder). Rather, "where the jury requests further instructions upon a particular phase of the case, the court in (its) discretion may recharge them in full, or *only upon the point or points requested.*"[4] In this matter, the jury asked the trial court for recharges on two points of law, malice murder and justification, and the trial court gave those two instructions in full, and also instructed the jury not to place any additional importance on the recharge but rather to consider the entire charge as it was initially given.

Having reviewed the trial court's initial charge and its recharge to the jury, we are confident that, by confining the scope of recharge so as only to answer the jury's specific questions, the trial court did not mislead or confuse the jurors; nor did the trial court effectively curtail the jury's consideration of post-traumatic stress disorder. Therefore, under the facts of this case and the precedent discussed above, we conclude that the trial court did not abuse its discretion by recharging only with regard to the jury's inquiries, and by cautioning the jury to recall and place equal weight upon the overall charge.[5]

3. Appellant urges us to adopt the following rule from *United States v. Carter*:[6]

> When the jury requests further instructions on points which are favorable to the government, the trial judge should repeat instructions favorable to the defense where the requested instructions taken alone might leave an erroneous impression in the minds of the jury.[7]

We note that in this case, the trial court did, in essence, follow this rule by recharging first on malice murder and then recharging on the justification defense asserted to that crime. However, while we agree with the Court of Appeals that the *Carter* rule is a "sound principle"[8] and that a recharge should never leave an erroneous impression in the jury's mind, this Court has traditionally deferred to

---

[4] (Emphasis supplied.) *Martin v. State*, 271 Ga. 301, 306 (518 SE2d 898) (1999). See *Hobson v. State*, 266 Ga. 638, 639 (469 SE2d 188) (1996); *Appling v. State*, 256 Ga. 36, 38 (343 SE2d 684) (1986).

[5] See *Burgan v. State*, 258 Ga. 512, 514 (371 SE2d 854) (1988).

[6] 491 F2d 625 (5th Cir. 1974).

[7] 491 F2d at 634.

[8] See *Brannon v. State*, 163 Ga. App. 340, 341 (295 SE2d 110) (1982), in which the Court of Appeals referred to the *Carter* rule as a "sound principle" and commended it to the trial courts. Insofar as the *Brannon* opinion did not purport to adopt the *Carter* rule as the law in Georgia, we construe it to be consistent with our ruling in Division 3 above.

the sound discretion of trial court judges in matters concerning the scope of a requested recharge,[9] and we see no reason to forgo that deference in favor of the per se rule enunciated in *Carter*. Hence, we decline appellant's invitation to adopt the *Carter* rule in this matter.
*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 8, 2001.

*Virgil L. Brown & Associates, Larkin M. Lee*, for appellant.

*William T. McBroom III, District Attorney, Daniel A. Hiatt, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Adam M. Hames, Assistant Attorney General*, for appellee.

---

[9] See *Martin, Hobson* and *Appling*, supra.