S06A1754. MADISON v. THE STATE.
(641 SE2d 789)

HUNSTEIN, Presiding Justice.

Hubert Madison, Jr. was convicted of aggravated assault and burglary. He appeals to this Court enumerating as error the trial court's denial of his constitutional challenge to the retrospective application to his trial of three provisions of the Criminal Justice Act of 2005, Ga. L. 2005, p. 20 ("the Act"). For the reasons that follow, we affirm.

1. The evidence adduced at trial showed that appellant was seen carrying a flashlight in the victim's neighborhood on the night of the crimes and that an intruder, whom the elderly victim later identified as appellant, broke into the victim's home through a window, went into her bedroom, grabbed her by the neck and struck her with a

flashlight while telling her he intended to kill her. When later interviewed by police, appellant knowingly and voluntarily confessed to committing the crimes.

Although appellant testified at trial and denied committing the crimes, the credibility of the witnesses, including the defendant, is an issue for the jury. *Willingham v. State*, 262 Ga. 324 (2) (c) (418 SE2d 25) (1992). When construed most strongly in favor of the verdict, the evidence was sufficient to enable a rational trier of fact to find beyond a reasonable doubt that appellant was guilty of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The crimes in issue were committed on August 1, 2004; appellant was tried July 11-12, 2005 and the judgments of conviction and sentence were filed on July 13, 2005. Section 17 of the Criminal Justice Act of 2005 provides that it "shall apply to all trials which commence on or after July 1, 2005." Ga. L. 2005, p. 20, § 17. Appellant challenges, pursuant to the State and Federal Constitutions and OCGA § 1-3-5, the retroactive application to his trial of three provisions of the Act: (a) the order of the parties in closing argument, see OCGA § 17-8-71; (b) the admissibility of character evidence in the form of prior convictions of a defendant who chooses to testify at trial, see OCGA §§ 24-9-20 (b), 24-9-84, 24-9-84.1; and (c) the changes made in the number of peremptory strikes. See OCGA § 15-12-165. Ga. L. 2005, §§ 7, 10, 14, and 16.

Our review of the transcript establishes that we need not address two of these challenges. (a) As to the order of closing arguments, the transcript reveals that while appellant's counsel orally raised the issue of the application of the Act at the close of the evidence, counsel then withdrew any objection after noting that the defense had called two witnesses[1] and no ruling was elicited regarding the retroactive application of the amended version of OCGA § 17-8-71. Thus, this issue, "while raised below, was not distinctly ruled upon by the trial court. We will not rule on a constitutional question unless it clearly appears in the record that the trial court distinctly ruled on the point." (Citation, punctuation and footnote omitted.) *Haynes v. Wells*, 273 Ga. 106, 108 (3) (538 SE2d 430) (2000).

(b) As to the admissibility of character evidence, while the trial court found the statutory amendments applicable to appellant's trial, the transcript reveals that the trial court sustained appellant's

---

[1] The transcript reveals that defense counsel made the following comment: "Judge, I would like to put one objection on the record. I think the order of argument is an issue based upon the motion I filed before [challenging the retroactive application of the Act]. Normally, since we put up no other witnesses – well, we put up two witnesses. I can't argue that."

objections to the admission of evidence in this case and thus disallowed the State from introducing any evidence regarding appellant's prior criminal convictions pursuant to the Act's provisions. As this Court noted in *Robinson v. State*, 229 Ga. 14, 15 (189 SE2d 53) (1972),

> "[h]arm as well as error must be shown to authorize a reversal by this court. . . . 'When a plaintiff in error brings a case here, he must show error which has hurt him. This court is not an expounder of theoretical law, but it administers practical law, and corrects only such errors as have practically wronged the complaining party.' [Cit.]" [Cit.]

Appellant has thus failed to show any harm from any retroactive application of the Act as to the admissibility of character evidence.[2]

(c) The only challenge properly before this Court is appellant's claim that his rights were violated when the trial court retroactively applied to his trial the Act's change in the number of peremptory challenges accorded the defendant. However, the prohibition on ex post facto laws applies only to substantive, not procedural, rights. See *Hamm v. Ray*, 272 Ga. 659 (1) (531 SE2d 91) (2000). "The exercise of peremptory strikes has long been recognized as a procedure created to assist litigants in obtaining a fair and impartial jury and not an independent substantive right." *Barner v. State*, 263 Ga. 365, 367 (4) (434 SE2d 484) (1993) (upholding against an ex post facto challenge a statute reducing the number of peremptory strikes given criminal defendants from 20 to 12). "Because strikes are procedural and not substantive in nature, [appellant] was not deprived of any protected right by the application of the amended version of OCGA § 15-12-165, regardless of whether such application was retroactive." Id.

3. During deliberations, the jury submitted a question to the trial court inquiring whether there was DNA evidence in the case. The court responded that the jury had "received all of the evidence that [it] will receive" and instructed the jurors to make their decision "based on the evidence that was presented to you during the trial of the case and the law as previously instructed to you." Appellant asserts that the trial court's response was error because it failed to inform the jurors that they should consider the lack of evidence presented by the

---

[2] While some evidence of appellant's criminal past was adduced by the State as part of the statements appellant made to police when he confessed to the crimes, this evidence was not admitted pursuant to the Act but rather pursuant to the well-established rule that portions of a statement wherein an accused admits committing another and separate offense are admissible where those portions are an integral part of the accused's confession. *Walker v. State*, 264 Ga. 79 (3) (440 SE2d 637) (1994).

State. However, the transcript reveals that in its previous instructions, the trial court had charged the jury that in determining whether a reasonable doubt existed, the jury should consider "the evidence presented to you during the trial, a lack of evidence being presented to you during the trial, a conflict in the evidence that was presented to you, or some combination of these."

Having reviewed the trial court's initial charge and its recharge to the jury, we are confident that the trial court's recharge did not mislead or confuse the jurors or otherwise curtail the jury's consideration of any lack of evidence adduced by the State, especially given its direction that the jury recall the earlier instructions. Accordingly, we find that the trial court did not abuse its discretion by giving the recharge in issue. See generally *Duffie v. State*, 273 Ga. 314 (2), (3) (540 SE2d 194) (2001).

*Judgment affirmed. All the Justices concur, except Melton, J., not participating.*

DECIDED FEBRUARY 26, 2007.

*Jon W. McClure*, for appellant.

*J. David Miller, District Attorney, Tracy K. Chapman, Bradfield M. Shealy, Sr., Assistant District Attorneys*, for appellee.