A08A0705. KIRKLAND v. THE STATE.
(663 SE2d 408)

JOHNSON, Presiding Judge.

After a jury trial, Barrett Kirkland was convicted of multiple crimes, including aggravated assault, kidnapping, armed robbery and burglary. Viewed in favor of the verdict,[1] the evidence shows that on December 29, 2005, Kirkland and Rodolfo Matthews went to a Tires Plus store. Marty Turner was in the store working on a tire

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

order placed by CarMax when Kirkland and Matthews entered, tied up Turner and attempted to get into a store safe. Unable to open the safe, they forced Turner into a Tires Plus truck and drove to a nearby O'Charley's restaurant. Holding Turner at gunpoint, they broke into the restaurant through a front window. They pried open a safe inside the restaurant and stole approximately $2,000. As police responded to the scene, Kirkland and Matthews fled in the tire store truck with Turner. The truck crashed into a retention pond, and Kirkland ran from the police. Officers caught up with Kirkland and placed him under arrest.

Kirkland appeals, claiming that the trial court made erroneous evidentiary rulings and that his trial counsel was ineffective. The claims are without merit and we affirm Kirkland's convictions.

1. Kirkland argues the trial court erred in ruling a psychologist could not give his opinion that at the time of the crimes Kirkland was unable to distinguish right from wrong because he was under the influence of the drug GHB. Kirkland's argument, however, misconstrues the trial court's ruling. What the trial court actually ruled was that the psychologist could not give such opinion testimony until there was evidence in the record to support it. At the time, there was no evidence that Kirkland was under the influence of GHB. This was a correct ruling since the law provides that "[f]or an expert to give his opinion based upon a certain state of facts, those facts must be supported by evidence admitted into the record."[2] The trial court committed no error in refusing to allow the psychologist's opinion until it was supported by evidence in the record.

2. Kirkland contends the trial court erred in sustaining two relevancy objections made by the prosecutor to cross-examination questions asked by his trial counsel. The first objection was made when Kirkland's counsel asked Turner if he knew employees of the restaurant and the second objection was made when the defense attorney asked the general manager of O'Charley's if there was a relationship between employees of the restaurant and the tire store. Before ruling on the relevancy objections, the trial court asked Kirkland's counsel for a response, and both times she indicated that she was trying to establish a "nexus."

"The admission or exclusion of evidence which is objected to on the ground of relevancy lies within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent a clear abuse of discretion."[3] Kirkland has failed to show that the trial court

---

[2] (Citation omitted.) *Columbus v. State*, 270 Ga. 658, 666 (5) (513 SE2d 498) (1999).

[3] (Citation and punctuation omitted.) *Slade v. State*, 287 Ga. App. 34, 37 (3) (651 SE2d 352) (2007).

clearly abused its discretion in deciding to sustain the state's relevancy objections to his attorney's questions, and we therefore will not disturb those decisions.

3. Kirkland claims his trial counsel was ineffective (a) in failing to call the psychologist to testify about GHB after Kirkland and his sister had testified and (b) in failing to raise a hearsay objection to testimony from a tire store manager that on the night in question he had seen invoices for tire orders from CarMax. We disagree.

> To prevail on a claim of ineffective assistance of trial counsel, a defendant bears the burden of showing both that trial counsel was deficient and that he was prejudiced by the deficiency. To demonstrate deficient representation, a convicted criminal defendant must show that counsel's representation fell below an objective standard of reasonableness. Such a defendant must overcome the strong presumption that counsel's performance fell within a wide range of reasonable professional conduct and that counsel's decisions were made in the exercise of reasonable professional judgment. The reasonableness of counsel's conduct is examined from counsel's perspective at the time of trial and under the circumstances of the case.[4]

(a) At trial, Kirkland claimed that he had no memory of the events at issue and his sister testified that she had seen co-defendant Matthews put two pills in Kirkland's drink, although she did not warn her brother about the pills and did not tell anyone about them until a week before the trial when she mentioned them to her mother. Kirkland now contends that after such testimony, his trial counsel should have called the psychologist to give his opinion that Kirkland was under the influence of GHB at the time of the crimes.

But even if counsel had called the psychologist, he would not have been allowed to testify. At the motion for new trial hearing, the trial judge expressly stated that she would not have allowed the psychologist to opine about GHB because despite the testimony of Kirkland and his sister, there still was no evidence showing what the purported pills were or that Kirkland had in fact taken GHB. Since the psychologist's testimony would not have been allowed, counsel's decision not to call him was neither deficient nor prejudicial to the defense.[5]

---

[4] (Citations and punctuation omitted.) *Knox v. State*, 290 Ga. App. 49, 51-52 (1) (658 SE2d 819) (2008).

[5] See *Grier v. State*, 276 Ga. App. 655, 662 (4) (a) (624 SE2d 149) (2005) (no ineffective assistance in failing to introduce prohibited evidence).

(b) As for counsel's failure to make a hearsay objection to the manager's testimony that he saw tire orders from CarMax, even if we assume without deciding that such failure was deficient, Kirkland can show no prejudice because such hearsay was merely cumulative of other legally admissible testimony from Turner which had already established the fact that there were tire orders from CarMax on the night in question. "The erroneous admission of hearsay is harmless where, as here, legally admissible evidence of the same fact is introduced. In such a case, the hearsay is cumulative and without material effect on the verdict."[6]

*Judgment affirmed. Barnes, C. J., and Phipps, J., concur.*

DECIDED JUNE 18, 2008.

*David J. Walker*, for appellant.
*Jewel C. Scott, District Attorney, Dawn M. Belisle-Skinner, Assistant District Attorney*, for appellee.

---

[6] (Punctuation omitted.) *Hill v. State*, 290 Ga. App. 140, 146 (5) (f) (658 SE2d 863) (2008).