## A08A1159. WHITAKER v. THE STATE.
(667 SE2d 202)

MIKELL, Judge.

Following a jury trial, Jonathan Whitaker was convicted of child molestation and sexual battery. He was acquitted of aggravated sexual battery. Whitaker appeals from the denial of his amended motion for new trial, contending that the evidence was insufficient to support his conviction for child molestation, and that the trial court erred in allowing the state to introduce into evidence the victim's videotaped interview and in refusing to give a complete charge to the jury. Finding no error, we affirm.

> On appeal from a criminal conviction, the defendant no longer enjoys the presumption of innocence. This Court does not weigh the evidence or determine witness credibility, but only determines whether the evidence, viewed in the light most favorable to the jury's verdict, is sufficient under *Jackson v. Virginia*.[1] We uphold the verdict if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[2]

So viewed, the evidence shows that on three separate occasions between January 1, 2005, and May 8, 2005, Whitaker inappropriately touched his nine-year-old niece T. W. while she was visiting his mother's home. T. W. testified that on one occasion when her grandmother fell asleep, Whitaker, who was staying at the home, took T. W. to his room and touched her vagina with his hand, on top of her pants. T. W. testified that this occurred three times, on three different days. At trial, T. W. testified that Whitaker never placed anything inside her "pee-pee." T. W. testified that when she told her grandmother what happened, her grandmother told her not to tell

---

[1] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] (Punctuation and footnote omitted.) *Moore v. State*, 291 Ga. App. 270 (661 SE2d 868) (2008).

anyone. T. W. told her father, Whitaker's brother, who called the police.

T. W.'s father testified that T. W. told him that Whitaker put his finger in her "vagina area." Sergeant Joseph Weatherford, who took the initial police report, testified that T. W. told him that Whitaker rubbed her vagina on the outside of her pants. Detective Joyce Dent-Fitzpatrick of the Columbus Police Department Sex Crimes Division conducted an interview with T. W., which was recorded on videotape. The videotape was introduced into evidence and played for the jury.[3] During the interview, T. W. used anatomically correct dolls to describe to the detective how Whitaker inserted his finger into her vagina. Dent-Fitzpatrick acknowledged that she — not T. W. — pulled down the dolls' pants during the interview. She also testified that when she first interviewed T. W., the girl told her that she had her pants on and that Whitaker touched her on top of her pants.

1. Whitaker challenges the sufficiency of the evidence presented of his intent to commit child molestation, which requires acting "with the intent to arouse or satisfy the sexual desires of either the child or the person."[4]

> The intent with which an act is done is peculiarly a question of fact for determination by the jury and even when a finding that the accused had the intent to commit the crime charged is supported by evidence which is exceedingly weak and unsatisfactory the verdict will not be set aside on that ground. Intent, which is a mental attitude, is commonly detectible only inferentially, and the law accommodates this.[5]

There was evidence that Whitaker repeatedly touched T. W. on her vagina while her grandmother was asleep in another room. The jury was authorized to infer that Whitaker committed these acts with the requisite criminal intent.[6]

2. Relying on *Woodard v. State*,[7] Whitaker contends that the trial court erred in admitting the videotaped interview of T. W. into

---

[3] The videotape was not included in the record on appeal.

[4] OCGA § 16-6-4 (a).

[5] (Citation and footnote omitted.) *Howard v. State*, 268 Ga. App. 558, 559 (602 SE2d 295) (2004).

[6] See *Seidenfaden v. State*, 249 Ga. App. 314, 318-319 (3) (547 SE2d 578) (2001) (evidence that defendant repeatedly fondled child molestation victim's vaginal area and breasts sufficient to infer that he committed acts to satisfy his own sexual desires).

[7] 269 Ga. 317 (496 SE2d 896) (1998).

evidence because it improperly bolstered her testimony. The record reflects that the state sought to introduce T. W.'s videotaped interview as a prior inconsistent statement since T. W. told the interviewer that Whitaker put his finger in her vagina. Whitaker contends that the prior consistent statements allowed in the videotape should not have been admitted; however, he fails to identify those statements, and a copy of the videotape is not included in the record on appeal. In any event, the videotaped interview was admissible under OCGA § 24-3-16, which provides that

> [a] statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another or performed with or on another in the presence of the child is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability.[8]

Though Whitaker challenged the reliability of T. W.'s videotaped interview in a motion in limine, he has not raised the issue on appeal. As to Whitaker's claim that T. W.'s videotaped interview improperly bolstered her testimony, we addressed this exact contention in *Phillips v. State*,[9] and concluded that there was "no authority supporting [defendant's] argument that despite being admissible under [OCGA § 24-3-16], a child victim's out-of-court statement recounting the circumstances surrounding the sexual molestation in and of itself constitutes improper bolstering of credibility."[10] Accordingly, the trial court did not err in admitting the videotaped interview in its entirety.[11]

3. Whitaker contends that the trial court erred when it refused to include the following language from *Mancill v. State*[12] in its charge on prior consistent statements:

> A witness's prior consistent statement is admissible at trial when the veracity of the witness's trial testimony has been

---

[8] In *Woodard*, supra, our Supreme Court found unconstitutional the portion of the statute that permits the introduction of the hearsay statements of a child who witnessed the alleged abuse. See id. at 321-323 (3); see also *Howell v. State*, 278 Ga. App. 634, 636-637 (2), n. 7 (629 SE2d 398) (2006) (physical precedent only). Here, Whitaker challenges the introduction of the victim's hearsay statements. Thus, his reliance on *Woodard* is misplaced.

[9] 284 Ga. App. 224 (644 SE2d 153) (2007).

[10] Id. at 228 (1) (c).

[11] Id.

[12] 274 Ga. 465 (554 SE2d 477) (2001).

YALE LAW LIBRARY

placed in issue, the witness is present at trial, and the witness is available for cross-examination. A witness's veracity is placed in issue if affirmative charges of recent fabrication, improper influence, or improper motive are raised during cross-examination.[13]

"It is not reversible error to fail to charge in the exact language requested when the charge given adequately covers the correct legal principles."[14] Although we have held that the better practice is for the trial court not to charge at all on prior consistent statements and leave the matter to the arguments of counsel,[15] we find no error here since the applicable law was adequately covered in the trial court's pattern charge. Regardless, in light of our ruling in Division 2, that the videotaped interview was admissible under OCGA § 24-3-16, it was not error for the trial court to omit the requested language from its charge to the jury.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED AUGUST 26, 2008 — 

*José E. Guzman*, for appellant.

*J. Gray Conger, District Attorney, Stacey S. Jackson, Assistant District Attorney*, for appellee.

---

[13] (Punctuation and footnotes omitted.) Id. at 466 (2).

[14] (Punctuation and footnote omitted.) *Steinberg v. State*, 286 Ga. App. 417, 421 (3) (650 SE2d 268) (2007). Accord *Nash v. State*, 158 Ga. App. 791, 793 (1) (282 SE2d 358) (1981) ("[w]here a charge as a whole substantially presents issues in such a way as is likely to furnish appropriate guidelines for the jury's consideration of the critical issues, and is not likely to confuse or mislead jurors even though a portion of the charge may not be as clear or concise as would be desired, a reviewing court should not disturb a verdict amply authorized by the evidence") (citation omitted).

[15] See *Smith v. State*, 291 Ga. App. 389 (662 SE2d 201) (2008); *Patterson v. State*, 289 Ga. App. 663, 669 (3) (658 SE2d 210) (2008); *Boyt v. State*, 286 Ga. App. 460, 468 (3) (649 SE2d 589) (2007).