## A11A0339. BRITTON v. THE STATE.
### (713 SE2d 914)

PHIPPS, Presiding Judge.

Darius Byzear Britton and a co-indictee were jointly tried by a jury on charges arising from a shooting incident. Convicted of numerous offenses, Britton maintains that his motion for mistrial should have been granted. Because he has failed to show that the court abused its discretion in determining otherwise, we affirm.

The evidence showed that, shortly after 1:30 a.m. on July 17, 2004, Britton was a front passenger of a Nissan Maxima that drove alongside another car occupied by four individuals. Britton leaned out of the car window and fired a gun in the direction of the other car. The bullet(s) broke a window of the other car, but struck none of the occupants. A feud had been ongoing between the driver of the Maxima, who was Britton's co-defendant, and two of the other car's occupants. There was evidence also that another passenger was in the Maxima at the time of the shooting.

Regarding Britton, the jury returned guilty verdicts on eight counts of aggravated assault,[1] eight counts of possession of a firearm during the commission of a crime (aggravated assault), and one count of criminal trespass to property. After several counts were merged, Britton was convicted of four counts of aggravated assault, four counts of possession of a firearm, and trespass.

On appeal, Britton maintains that he was entitled to a mistrial because of an error made during the final charge to the jurors. At the outset of the charge, the court advised the jurors that they were being handed copies of the jury instructions that the court would read to them; the court gave the jurors the option to follow along, or not, as the court read them. After orally giving the final charge, the court sent the jurors to deliberate with their handouts. It was later discovered, however, that the jurors had been given a previous draft of the final charge that differed from what the court had charged them. The trial court summoned counsel for the state and defense, seeking their input. Britton's attorney responded that a mistrial was warranted, noting that deliberations had been ongoing for almost

---

[1] Four of the aggravated assault counts alleged that Britton made an assault with a firearm, a deadly weapon, by shooting in the direction of each of the four occupants; the other four counts of aggravated assault alleged that Britton made an assault, by discharging, without legal justification, a firearm from within a motor vehicle toward each of the same four persons in the other car. OCGA § 16-5-21 (a) (2), (3).

two hours. The prosecutor disagreed, asserting that the ways in which the version that had been given to the jurors varied from the oral charge were not of major significance and that the variations had not prejudiced Britton.

The trial court denied Britton's request for mistrial, electing instead to collect the written instructions from the jurors, call the jurors back into the courtroom, and explain to them that they had erroneously been given copies of a prior version of the final charge. Upon so doing, the court noted, "I see some of you nodding." And one juror spoke out: "[T]here were a couple of paragraphs that we had and you didn't do."

The court continued, informing the jurors that "the charge that I gave to you orally was the charge of the [c]ourt"; that they were to "follow the charge as I . . . gave it to you orally"; that they would be given copies of the correct version of the "charge as I had given it to you orally," that the correct copies were to be used "as your aid to recalling the instructions," and that they were to "begin your deliberations and consider the case with those instructions." The jurors were provided copies of the correct final charge, and the court directed the jurors to "go back . . . and deliberate again and consider the case anew with the — based on the charge the [c]ourt gave you orally and based on the correct copies, which I have now given you." Before allowing the jurors to leave the courtroom to so engage in deliberations, the court asked: "Are there any of you who feel that you cannot follow the instructions that I have given you?" Then after noting on the record that "[e]verybody is indicating they can," the court excused the jurors for deliberations. Britton's renewed motion for mistrial was denied.

On appeal, Britton does not complain that there were errors in the oral charge; he does not complain that there were errors in the written instructions handed out after the jurors were recalled and given remedial instructions;[2] and he does not complain that the written instructions provided with the remedial instructions strayed from the oral charge. Instead, he cites certain variations between the language of the initial written charge provided and the language of the oral charge. According to Britton, some of those variations amounted to "incorrect" instructions; the remaining variations were instructions that were included in the initial written charge, but not in the oral charge.

"When a prejudicial matter is improperly placed before the jury, a mistrial is appropriate if it is essential to the preservation of the

---

[2] See *Fletcher v. State*, 277 Ga. 795, 797 (4) (596 SE2d 132) (2004) (allowing the jury to have a written copy of the charge during deliberations is proper).

defendant's right to a fair trial."[3] "Whether to grant a motion for mistrial is within the trial court's sound discretion, and the trial court's exercise of that discretion will not be disturbed on appeal unless a mistrial is essential to preserve the defendant's right to a fair trial."[4] In this case, it was within the trial court's discretion to decide whether a mistrial was the only corrective measure or whether any prejudicial effect of the handout error could otherwise be corrected.[5]

Having reviewed the final charge as a whole, including the remedial instructions,[6] and both sets of written jury charges provided to the jury, we find no abuse by the trial court in the exercise of its discretion. Britton has cited variations between the written instructions first provided and the court's oral charge relating to mere presence, possession of a firearm during the commission of a crime (aggravated assault), and the principle that the defendant has no duty to testify. Even though the exact language differed, Britton has pointed to no substantive difference.[7] Britton complains that the written instructions first provided covered additional impeachment methods, as well as additional factors for consideration when assessing the credibility of a trial witness, which were not included in the court's oral charge. The trial transcript reveals, however, that except for one witness called by Britton's co-defendant, all of the trial witnesses were those of the state; Britton, having called no witness, has not explained how the additional impeachment and credibility instructions prejudiced him.[8] Finally, Britton complains that the written instructions first provided included a more expansive definition of party to a crime than the definition read by the court in its

---

[3] *Smith v. State*, 288 Ga. 348, 350 (3) (703 SE2d 629) (2010) (citation and punctuation omitted).

[4] *Ottis v. State*, 271 Ga. 200, 201 (3) (517 SE2d 525) (1999) (footnote omitted).

[5] See *Smith,* supra; see generally *Martin v. State*, 271 Ga. 301, 306 (3) (518 SE2d 898) (1999) (noting that, where jury requests further instructions upon a particular phase of the case, trial court in its discretion may recharge them in full or only upon the point or points requested); *Robinson v. State*, 298 Ga. App. 37, 39 (679 SE2d 61) (2009) (the necessity, extent, and character of any supplemental instruction to the jury are matters within the trial court's sound discretion).

[6] See *Wilson v. State*, 268 Ga. 527, 529 (3) (491 SE2d 47) (1997) (reviewing charge as a whole in assessing argument that recharge had blurred legal principles).

[7] See generally *Massey v. State*, 270 Ga. 76, 78 (4) (c) (508 SE2d 149) (1998) ("It is axiomatic that a trial court does not err in refusing to give a requested instruction in the exact language requested where the charges given in their totality substantially and adequately cover the principles contained in the requested charge.") (citation omitted); *Wade v. State*, 261 Ga. App. 587, 589 (3) (583 SE2d 251) (2003).

[8] See *Francis v. State*, 266 Ga. 69, 72 (3) (463 SE2d 859) (1995) (the giving of an unauthorized charge on an unavailable method of impeachment is generally harmless error, and a conviction in a criminal case will not be reversed when it is highly probable that an erroneous jury instruction did not contribute to the verdict).

oral charge. He does not assert that the more expansive definition constituted an incorrect statement of law;[9] nor does he explain how, given the evidence, he was prejudiced thereby.[10] What is more, Britton has failed to establish that any prejudicial effect caused by the handout error was not corrected by the court's remedial instructions and second handout to the jury.[11]

Given the foregoing, we conclude that the trial court did not abuse its discretion in determining that any prejudical effect could be adequately addressed by the remedial instructions, together with a correct copy of the jury charge, such that a mistrial was not the only corrective measure that would preserve Britton's right to a fair trial.[12] We are satisfied that "the charge as a whole [including the remedial actions taken by the court] was not likely to confuse the jury."[13] Consequently, Britton's challenge to the denial of his motion for the grant of a mistrial fails.

*Judgment affirmed. Andrews and McFadden, JJ., concur.*

DECIDED JULY 12, 2011.

*James D. Love*, for appellant.
*Kenneth W. Mauldin, District Attorney, Brian V. Patterson, Assistant District Attorney*, for appellee.

---

[9] The language cited tracked the suggested pattern jury instruction on "Principal, Failure to Prosecute; Other Involved Persons." See Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (3d & 4th eds.), § 1.42.11.

[10] See *Litmon v. State*, 186 Ga. App. 762-763 (2) (368 SE2d 530) (1988).

[11] See *Davenport v. State*, 283 Ga. 171, 172-173 (4) (656 SE2d 844) (2008) (it is not necessary in considering a charge to assume a possible adverse construction; all that is required is a charge that is sufficiently clear to be understood by jurors of ordinary understanding); see also *Johns v. State*, 274 Ga. 23, 25 (3) (549 SE2d 68) (2001) (recognizing a presumption that the jury follows instruction to disregard certain matter); *Floyd v. State*, 277 Ga. App. 166, 167-168 (626 SE2d 149) (2006) (a proper instruction on recharge may correct an improper instruction given in the original charge to the jury, where the correct instruction given on recharge explains away the defect in the previous improper charge); *Weaver v. State*, 178 Ga. App. 91, 92-93 (2) (341 SE2d 921) (1986) (concluding that the trial court's remedial instructions to the jury were sufficient to protect defendant's right to a fair trial).

[12] See *Smith*, supra. See generally *Duffie v. State*, 273 Ga. 314, 315-318 (2), (3) (540 SE2d 194) (2001).

[13] *Davenport*, supra at 173 (4) (citation omitted); see *Madison v. State*, 281 Ga. 640, 642-643 (3) (641 SE2d 789) (2007) (concluding, after reviewing the trial court's initial charge, together with its recharge to the jury and additional direction that the jury recall the earlier instructions, that the court's recharge did not mislead or confuse the jurors).